# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA

### PRISONER COMPLAINT
### [FOR INMATE ACTION] UNDER 42 U.S.C. § 1983

ARIEL AASIYA ADLA,
(RE'NAUL M. JOHNSON)
_____
Name under which you were convicted

#166237
_____
Your prison number

CIVIL ACTION NO. 07 - 278 - RD - M
(To be supplied by Clerk of Court)

vs.

HON. RICHARD ALLEN, et al.,
_____
Name of Defendant(s)

G.K. Fountain Corr. Center, Fountain 3800, Atmore, Al. 36503-3800
_____
Place of Confinement and Address

FILED APR 18 '07 AM 11:11 USDC-ALS

### INSTRUCTIONS - READ CAREFULLY

A. Complaint Form. You must file your original complaint and a copy for each named Defendant. Your complaint must be clearly handwritten or typewritten. Do not use the back of a page. Your complaint must be signed by you; no notary is required. Any false statement of material fact may serve as the basis for prosecution for perjury.

B. Proper Court. Your complaint can only be brought in this Court if a defendant is located in the Southern District of Alabama and the rest of the defendants are located in Alabama or if your claim arose in this district. The Southern District of Alabama is comprised of the following counties: Baldwin, Clarke, Choctaw, Conecuh, Dallas, Escambia, Hale, Marengo, Mobile, Monroe, Perry, Washington, and Wilcox.

C. Separate Case. It is necessary to file a separate complaint form for each claim unless the claims are related to the same incident or issue.

D. Defendants. The persons who are listed as defendants in section III of the complaint are deemed by the Court to be the only defendants to this action. A defendant's present address must be provided. The Court is unable to serve process without the present address being furnished. The first defendant listed in section III should be the defendant that you list in the style of your case on your complaint form and motion to proceed without prepayment of fees and costs, if applicable, and any other

Rev. 4/10/06

pleading filed with the Court.

E. <u>Pleading the Complaint</u>. Your complaint <u>should</u> <u>not</u> contain legal arguments, case law or statutory citations. You are required to provide facts. Your complaint shall be a <u>short</u> and <u>plain</u> statement of your claim and shall provide fair notice <u>to each defendant</u> of the claim against that defendant and of the factual grounds upon which the claim rests.

F. <u>Fees</u>. This complaint cannot be properly filed unless it is accompanied by the $350.00 filing fee or a motion to proceed without prepayment of fees if you are unable to afford the filing fee and other costs associated with prosecuting this action.

If you are unable to pay the filing fee and service costs for this action, you may ask the Court to let you proceed without prepayment of fees and costs. A blank motion for this purpose is included.

If you wish to proceed without prepayment of fees and costs, you must complete and mail to the Clerk of Court a copy of the "Motion to Proceed Without Prepayment of Fees" mailed to you with this complaint. This motion will be returned to you without action unless you have an authorized officer at the jail or prison complete the financial statement mailed to you with this form.

Even if the Court authorizes you to proceed without prepayment of filing fees, you are obligated to pay the full $350.00. If you have the ability to pay a partial filing fee when your complaint is filed, you will be required to pay an amount, based on your assets, of up to the greater of 20 percent of your average monthly balance in your prison account or your average monthly balance for six months immediately preceding the filing of your complaint. Thereafter, your prison account will be garnished at the rate of 20 percent of your monthly income until the filing fee is paid.

G. <u>Form of Pleadings</u>. All pleadings and other papers filed <u>must</u> be on 8 1/2" x 11" paper, <u>legibly</u> handwritten or typewritten. Every document filed after the complaint must have the style of the case and the <u>docket number</u>. Every pleading must be signed by you and must contain your address and telephone number, if any; otherwise, the pleading <u>will be stricken</u>. <u>See</u> Fed. R. Civ. P. 11(a). No notary is required.

H. <u>Certificate of Service</u>. Each pleading filed after the complaint <u>must</u> contain a certificate of service indicating that the pleading has been served on the opposing parties and the date that it was sent. A pleading <u>will be stricken</u> if it does not contain this certificate of service. <u>See</u> Fed. R. Civ. P. 5.

I. <u>Copies</u>. This Court <u>will not</u> make copies of your complaint or pleadings unless you prepay the required per page copying fee.

J. <u>Form of Pleadings</u>. <u>Do not</u> write letters to the Court. All pleadings and documents should be sent to the Clerk of the Court, and not to a magistrate judge or a district judge.

K. <u>No Evidence</u>. No evidence shall be sent to the Court for filing or storing.

## I. PREVIOUS LAWSUITS.

A. Have you filed any other lawsuits in state or federal court dealing with the same or similar facts involved in this action:
   Yes (x)      No ( )

B. Have you filed other lawsuits in state or federal court relating to your imprisonment:
   Yes (X)      No ( )

C. If your answer to questions A or B above is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using this same outline.)

   1. Parties to this previous lawsuit:

   Plaintiffs:  Re'Naul M. Johnson (Ariel Aasiya Adla)

   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

   Defendants:  Alabama Department Of Corrections, et al.,

   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

   2. Court (if federal court, name the district; if state court, name the county): Circuit Court Of Montgomery County, Alabama, Fifteenth (15th) Judicial Circuit

   3. Docket Number:   CV-05-645

   4. Were you granted the opportunity to proceed without payment of filing fees?
   Yes (x)   No ( )

   5. Name of judge to whom the case was assigned: Honorable Truman Hobbs, Jr.

   6. If your case is no longer pending and has been dismissed, state the reason given by the Court as to why your case was dismissed, i.e., frivolous, malicious, failed to state a claim, defendants were immune, etc.

   Dismissed Without Prejudice - Procedural Morass

   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

   7. Approximate date of filing lawsuit:   February, 2005.

3

8. Approximate date of ruling by court: _____ December 4, 2006. _____

## II. YOUR PRESENT COMPLAINT.

A. Place or institution where action complained of occurred: G.K. Fountain Corr. Center

B. Date it occurred: From December, 2004, through, May 26, 2006, and then again, from July, 2006, through the current date of filing this 42 U.S.C. §1983 Civil Right(s) Complaint.

C. Is there a prisoner grievance procedure in this institution? Medical grievance(s) only

D. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
   Yes (X)      No ( )

E. If your answer is YES:

   1. What steps did you take?  I filed an Inmate Medical Grievance with the Alabama Department Of Corrections contracted
   2. What was the result? medical personnel
      _____ Nothing _____

F. If your answer is NO, explain why not: XXXXXXXXXXXXXXX  N/A  XXXXXXXXXXXXXXX

G. Your claim (briefly explain your claim: what, when, where, who; do not cite cases; you may, without leave of Court, add up to five (5) additional pages if necessary):

_____ "SEE ATTACHED TYPE-WRITTEN COMPLAINT" _____

 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

4

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

## III. PARTIES.

A. <u>Plaintiff</u> (Your name/AIS):   Ariel A. Adla (Re'Naul M. Johnson)

   G.K. Fountain Correctional Center

   Your present address: Fountain 3800, Atmore, Alabama 36503-3800

B. <u>Defendant(s)</u>:

1. Defendant (full name) Richard Allen is employed as Comm. at A.D.O.C.

   His/her present address is 301 South Ripley St., Montgomery, Al., 36130

   (a) Claim against this defendant: "SEE ATTACHED COMPLAINT"

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX.

   (b) Supporting facts (Include date/location of incident):

   "SEE ATTACHED COMPLAINT"

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

2. Defendant (full name) Dr. Ron Canvanaugh is employed as Medical Director

at Alabama Department Of Corrections .

   His/her present address is 301 South Ripley Street, Montgomery, Alabama
   36130

   (a) Claim against this defendant: "SEE ATTACHED COMPLAINT"
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

   (b) Supporting facts (Include date/location of incident):

   "SEE ATTACHED COMPLAINT"

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

3. Defendant (full name) Dr. George Lyrene is employed as Asst Medical Dir.

at Alabama Department Of Corrections .

His/her present address is <u>301 South Ripley Street<br>Montgomery, Alabama  36130</u>.

(a) Claim against this defendant: <u>          "SEE ATTACHED COMPLAINT"</u>
<u>XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX</u>.

(b) Supporting facts  (Include date/location of incident):

<u>                    "SEE ATTACHED COMPLAINT"</u>

<u>XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX</u>

<u>XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX</u>

C. <u>Additional Defendants</u>:  (If there are additional defendants, you may list them on separate pages using the same outline above).

IV.  A.  You must answer the following questions:

1. State the conviction(s) for which you are presently incarcerated: <u>Assault II</u>
<u>Intimidating A Witness</u>.

2. When were you convicted? <u>September 2, 2004</u>

3. What is the term of your sentence? <u>25 years</u>

4. When did you start serving this sentence? <u>09/02/2004</u>

5. Do you have any other convictions which form the basis of a future sentence?
Yes ( )      No (X)

If so, complete the following:

(a) Date of conviction: <u>          N/A</u>

(b) Term of sentence: <u>          N/A</u>

6. What is your expected end of sentence (E.O.S.) date? <u>          N/A</u>

B. If this present lawsuit concerns your criminal conviction or sentence, state whether your conviction has been:

|  | Conviction | Sentence |
|---|---|---|
| Reversed | yes( ) no( ) | yes( ) no( ) |
| Expunged | yes( ) no( ) | yes( ) no( ) |

6

### III. **PARTIES**

C. Additional Defendant(s): (If there are additional defendants, you may list them on using the same outline above).

4. Defendant (full name) Prison Healthcare Services is employed as contracted health

care provider, for the Alabama Department Of Corrections (A.D.O.C.).

His/her present address is 2000 Interstate Park Drive, Suite #103, Montgomery,

Alabama 36109.

(a) Claim against this defendant: _____ "SEE ATTACHED COMPLAINT"
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

(b) Supporting fact(s) (Include date/location of incident):

_____ "SEE ATTACHED COMPLAINT"
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX


5. Defendant (full name) Dr. Robert Barnes, M.D. is employed as Institutional Medical

Physician, for Prison Healthcare Services, contracted, by the Alabama Department Of

Corrections (A.D.O.C.).

His/her present address is G.K. Fountain Correctional Center, 9677 Highway 21,

Fountain 3800, Atmore, Alabama 36503-3800 and/or Prison Healthcare Services,

2000 Interstate Park Drive, Suite #103, Montgomery, Alabama.

(a) Claim against this defendant: _____ "SEE ATTACHED COMPLAINT"
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

(b) Supporting fact(s) (Include date/location of incident):

_____ "SEE ATTACHED COMPLAINT"
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

6. Defendant (full name) <u>Mental Healthcare Management</u> is employed as <u>contracted</u>

<u>mental healthcare provider,</u> for <u>the Alabama Department Of Corrections (A.D.O.C.).</u>

His/her present address is <u>G.K. Fountain Correctional Center, 9677 Highway 21,</u>

<u>Fountain 3800, Atmore, Alabama 36503-3800, and/or 400 South Union Street,</u>

<u>Montgomery, Alabama 36104.</u>

    (a) Claim against this defendant: _____ <u>"SEE ATTACHED COMPLAINT"</u>
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

    (b) Supporting fact(s) (Include date/location of incident):

    _____ <u>"SEE ATTACHED COMPLAINT"</u>
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

7. Defendant (full name) <u>Dr, Sylvia McQueen, M.D.,</u> is employed as <u>Inmater Medical</u>

<u>Treatment Director,</u> for <u>Prison Healthcare Services, contract, by the Alabama Department</u>

<u>Of  Corrections (A.D.O.C.).</u>

His/her present address is <u>2000 Interstate Park Drive, Suite #103, Montgomery,</u>

<u>Alabama.</u>

    (a) Claim against this defendant: _____ <u>"SEE ATTACHED COMPLAINT"</u>
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

    (b) Supporting fact(s) (Include date/location of incident):

    _____ <u>"SEE ATTACHED COMPLAINT"</u>
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

8. Defendant (full name) <u>Dr. Robert Hunter, M.D.</u> is employed as <u>Contracted Chief</u>

<u>Psychiatrist,</u> at <u>Mental Healthcare Management, contracted, by the Alabama Department</u>

<u>Of Corrections (A.D.O.C.).</u>

    His/her present address is <u>400 South Union Street, Suite #495, Montgomery,</u>

<u>Alabama 36104.</u>

    (a) Claim against this defendant: _____ <u>"SEE ATTACHED COMPLAINT"</u>
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

    (b) Supporting fact(s) (Include date/location of incident):

    _____ <u>"SEE ATTACHED COMPLAINT"</u>
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX


9. Defendant (full name) <u>Mr. Jerry Ferrell</u> is employed as <u>Institutional Warden</u>

<u>for the Alabama Department Of Corrections (A.D.O.C.), at G.K. Fountain Correctional</u>

<u>Center.</u>

    His/her present address is <u>G.K. Fountain Correctional Center, 9677 Highway 21,</u>

<u>Fountain 3800, Atmore, Alabama 36503-3800.</u>

    (a) Claim against this defendant: _____ <u>"SEE ATTACHED COMPLAINT"</u>
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

    (b) Supporting fact(s) (Include date/location of incident):

    _____ <u>"SEE ATTACHED COMPLAINT"</u>
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

Invalidated     yes( ) no( )          yes( ) no( )
Writ of habeas  yes( ) no( )          yes( ) no( )
  corpus granted

C. If you answered yes to any of the questions, state the Court or entity that relieved you from your conviction or sentence and the date: XXXXXXXXXXXXX   N/A   XXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

**V.** State <u>briefly</u> exactly what you want the Court to do for you if you win (make no legal argument, cite no cases or statutes):

_____ "SEE ATTACHED COMPLAINT" _____
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

**VI. AFFIRMATION.** By my signature below, I swear or affirm under penalty of perjury that the facts set out in this complaint are true and correct.

04-16-07
Date

Ariel A. Adla
(Re'Naul M. Johnson)
(Signature of Plaintiff Under Penalty of Perjury)

G.K. Fountain Correctional Center
Fountain 3800
_____
Current Mailing Address

Atmore, Alabama  36503-3800
_____

XXXXXXXXXXXXX   N/A   XXXXXXXXXXX
_____
Telephone Number

<u>PLAINTIFF SHALL IMMEDIATELY ADVISE THE COURT IN WRITING OF ANY CHANGE IN HIS ADDRESS, E.G., RELEASED, TRANSFERRED, MOVED, ETC. FAILURE TO NOTIFY THE COURT OF A NEW ADDRESS WILL RESULT IN THE DISMISSAL OF THIS ACTION FOR FAILURE TO PROSECUTE AND TO OBEY THE COURT'S ORDER.</u>

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ARIEL A. ADLA, | * | |
| (RE'NAUL M. JOHNSON), | * | |
| | * | |
| Prison Number, #166237, | * | |
| **Plaintiff,** | * | |
| | * | |
| | * | **CIVIL ACTION NO.:** |
| | * | |
| VS. | * | (To be supplied by the Clerk of the Court) |
| | * | |
| ALABAMA DEPARTMENT OF | * | |
| CORRECTIONS, | * | **JURY TRIAL DEMANDED** |
| HON. RICHARD A. ALLEN, and | * | |
| DR. RON CANVANAUGH, PSY.D., and | * | |
| DR. GEORGE LYRENE, M.D., and | * | |
| PRISON HEALTHCARE SERVICES, and | * | |
| DR. SYLVIA MCQUEEN, M.D., and | * | |
| DR. ROBERT BARNES, M.D. | * | |
| MENTAL HEALTHCARE | * | |
| MANAGEMENT, and | * | |
| DR. ROBERT HUNTER, M.D., and | * | |
| JERRY FERRELL, and | * | |
| **Defendant(s).** | * | |

## 42 UNITED STATES CONSITUTION
## (U.S.C.) § 1983 CIVIL RIGHTS COMPLAINT

**COMES NOW,** Ariel A. Adla (Re'Naul M. Johnson), the Plaintiff, pro se,

pursuant to Title 42 U.S.C. §1983, in accordance with the Federal Rules Of Civil

Procedure (Fed. Civ. R. P.), does hereby file, this written Civil Right(s) Complaint,

within the lawful jurisdiction of this Honorable Court, theretofore.

## STATEMENT OF THE CASE

This is a civil rights action, filed, by Ariel A. Adla (Re'Naul M. Johnson), incarcerated, as an inmate within the confined physical care, custody and control of the Alabama Department Of Corrections, thereby seeking damages and injunctive relief, pursuant to the governing provision(s) of 42 U.S.C. §1983, alleging denial of a constitutionally accepted adequate standard medical care and treatment, in violation of the Eighth (8th) Amendment of the United States Constitution.

The Plaintiff, also alleges violations under state torts, for medical malpractice and medical negligence, pursuant to the **Code Of Alabama**, 1975, as amended, Title §6-5-480, specifically, the **Code Of Alabama**, 1975, as amended, Title §6-5-484, Degree Of Care Owed To Patient.

## JURISDICTION

1. This court has jurisdiction over the Plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. §§1331(a) and 1343.

2. This court has supplemental jurisdiction over the Plaintiff's state law tort claims, pursuant to the **Code Of Alabama**, 1975, as amended, Title §6-5-480,as defined under the governing provision(s) of 28 U.S.C. §1367.

## PARTIES

1. **Ariel A. Adla (Re'Naul M. Johnson)** is an inmate incarcerated, as an inmate within the confined physical care, custody and control of the Alabama Department Of Corrections, at G.K. Fountain Correctional Center, Fountain 3800, Atmore, Alabama, during, the events described within the written content(s) of this civil rights complaint.

2. **Alabama Department Of Corrections**, 301 South Ripley Street, Montgomery, Alabama 36130 is employed, as an administrative agency, for the State Of Alabama, in which is listed and named, as a Defendant, for the purpose of this instant said cause of action. This Defendant is being sued in its official.

3. **Honorable Richard Frank Allen**, 301 South Ripley Street, Montgomery, Alabama 36130 is employed, as Commissioner, for the Alabama Department Of Corrections (A.D.O.C.), in which is listed and named, as a Defendant, for the purpose of this instant said cause of action This Defendant is being sued in his official capacity.

4. **Dr. Ron Canvanaugh, Psy.D.,** 301 South Ripley Street, Montgomery, Alabama 36130 is employed, as Medical Director, for the Alabama Department Of Corrections (A.D.O.C.), in which is listed and named, as a Defendant, for the purpose of this instant said cause of action. This Defendant is being sued within his individual and official capacities.

5. **Dr. George Lyrene, M.D.,** 301 South Ripley Street, Montgomery, Alabama 36130 is employed, as Assistant medical Director, for the Alabama Department Of Corrections (A.D.O.C.), in which is listed and named, as a Defendant, for the purpose of this instant said cause of action. This Defendant is being sued within his individual and official capacities.

3

6. **Prison Healthcare Services (PHS),** 2000 Interstate Park Drive, Suite #103, Montgomery, Alabama 36109 is employed, as the contracted medical healthcare provider, for the Alabama Department Of Corrections (A.D.O.C.), in which is listed and named, as a Defendant, for the purpose of this instant said cause of action. This Defendant is being sued within their individual and official capacities.

7. **Dr. Sylvia McQueen, M.D.,** 2000 Interstate Park Drive, Suite #103, Montgomery, Alabama 36109 is employed, by Prison Healthcare Services (PHS), as Director Of Medical Treatment, contracted, by the Alabama Department Of Corrections (A.D.O.C.), in which is listed and named, as a Defendant, for the purpose of this instant said cause of action. This Defendant is being sued within her individual and official capacities.

8. **Dr. Robert Barnes, M.D.,** G.K. Fountain Correctional Center, 9677 Highway 21, Fountain 3800, Atmore, Alabama 36503-3800 is employed, by the Prison Healthcare Service (PHS), as an Institutional Medical Physician, contracted, by the Alabama Department Of Corrections (A.D.O.C.), in which is listed and named, as a Defendant, for the purpose of this instant said cause of action. This Defendant is being sued within his individual and official capacities.

9. **Mental Healthcare Services (MHM)**, 400 South Union Street, Suite #495, Montgomery, Alabama 36104 is employed, as the contracted mental healthcare provider, for the Alabama Department Of Corrections (A.D.O.C.), in which is listed and named, as Defendant(s), for the purpose of this instant said cause of action. This Defendant is being sued within their individual and official capacities.

4

10. **Mr. Jerry Ferrell**, employed, by the Alabama Department Of Corrections, as Head Warden, at G.K. Fountain Correctional Center, 9677 Highway 21, Fountain 3800, Atmore, Alabama 36503-3800 is listed and named, as a Defendant within this instant said cause of action, and as such being sued in his individual and official capacities.

11. **All Defendant(s)**, as listed and named within this instant cause of action have all acted, and does continue to act, under color of state law at all times relevant to this complaint.

12. **All Defendant(s)**, as listed and named within this instant cause of action, during all times relevant to filing this civil right(s) complaint have all acted with callous and gross neglect of constitutional duties and responsibilities.

13. **All Defendant(s)**, as listed and named within this instant cause of action, during all times relevant to filing this civil right(s) complaint did willfully with ill-will, carelessness, maliciously and sadistically with callous and gross negligence and breach of employed duty, did act with culpable and deliberate indifference, and deprived the Plaintiff of adequate medical care and treatment, in which such Defendants' as listed and named within the course of this instant said cause of action did know or subjectively should have known that their actions, as committed, against, the Plaintiff violated the Plaintiff's constitutional right(s), as guaranteed and secured under the governing provision(s) of the Eighth (8th) Amendment of the United States Constitution.

## GROUND(S)

### I.

**DENIAL OF ADEQUATE MEDICAL CARE, TREATMENT AND/OR THERAPY IN WHICH CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH (8TH) AMENDMENT OF THE UNITED STATES CONSTITUTION**

### II.

**DENIAL OF ADEQUATE STANDARD CARE OF MEDICAL CARE, TREATMENT AND/OR THERAPY OWED TO THE PLAINTIFF, THROUGH MEDICAL NEGLIGENCE AND/OR MEDICAL PRACTICE**

### SUPPORTING FACT(S)

14. The Plaintiff is a medically diagnosed pre-operative male-to-female transsexual, being medically treated with the female hormone of Estrogen, namely, Premarin, for at least a Seventeen (17) year period of time with at least Seven (7) of those years out of the Seventeen (17) year period time, being documented and verified prescribed medical care and treatment of hormonal therapy, prescribed, by a qualified, skilled and professional medical personnel.

15. From October 21, 2004, through, the date of filing this civil rights complaint, the Alabama Department Of Corrections, thereby contracted out their medical and mental healthcare responsibilities to **Prison Healthcare Services (PHS)** and **Mental Healthcare Management, Inc. (MHM)**.

16. On October 21, 2004, the physical care, custody and control of the Plaintiff was transferred, from the Houston County Jail, Dothan, Alabama to the State Of Alabama Department Of Corrections, for the Plaintiff to began serving his total prison sentence of Fifty (50) years, as rendered and imposed, by the Circuit Court Of Houston County, Alabama, for the criminal conviction(s) of Assault II (2nd) Degree, as defined, pursuant to the Criminal **Code Of Alabama**, 1975, as amended, Title 13A-6-21(a)(5), Houston County Circuit Court Case Number CC-03-1982; along with the criminal offense of Intimidating A Witness, as defined, pursuant to the Criminal **Code Of Alabama**, 1975, as amended, Title 13A-10-123, Houston County Circuit Court Case Number CC-03-1862.

17. On October 21, 2004, prior to the Plaintiff's current incarceration within the **Alabama Department Of Corrections**, the Plaintiff was diagnosed, by trained, qualified and skilled medical personnel, by an Endocrinologist, Clinical Therapist, Psychologist and Psychiatrist with a serious medical diagnosis of Gender Dysphoria-Transsexual Type, where the Plaintiff was being treated, for such serious medical diagnosis, prior to the Plaintiff's current incarceration within the Alabama Department Of Corrections. The Plaintiff's prescribed medical care and treatment to include a hormonal therapy regimen included female hormones of Premarin, at 1.25 mg, Three (3) times. The Plaintiff's psychological and psychiatric care and treatment regimen consisted care and treatment of anti-depressants and cognitive therapy.

18.  On October 21, 2004, upon the Plaintiff being incarcerated within the physical care, custody and control of the **Alabama Department Of Corrections**, did not have employed, as written protocol and/or departmental administrative directive and/or regulation, an established constitutionally accepted adequate standard medical care and treatment for inmate(s) (the Plaintiff) diagnosed with the serious medical diagnosis of Gender Dysphoria-Transsexual Type, in which to be used as a directive in administering medical care and treatment to inmate(s) (the Plaintiff)with the diagnosis of Gender Dysphoria-Transsexual Type.

19.  On December 3, 2004, the Plaintiff's institutional psychiatrist, Dr. Donna Earnshaw, employed, by Mental Healthcare Management, contracted, by the Alabama Department Of Corrections, assigned, at G.K. Fountain Correctional Center, Fountain 3800, Atmore, Alabama, completed, the Plaintiff's initial assessment, where she concurred along with the Plaintiff's medical diagnosis of Gender Dysphoria-Transsexual Type, and subsequently, Dr. Earnshaw, wrote within her Treatment Progress Notes her written recommendation, stating that it was imperative to the Plaintiff's mental health, for the Plaintiff to be reinstated and continued with the prolonged hormonal therapy, as received, by the Plaintiff, for years prior to the Plaintiff's current incarceration and such written recommendation was addressed to the institutional medical physician, **Dr. Robert Barnes, M.D.**, employed, by Prison Healthcare Services (PHS), contracted, by the Alabama Department Of Corrections, assigned, at G.K. Fountain Correctional Center, Fountain 3800, Atmore, Alabama.

8

20.  In February, 2005, Dr. Donna Earnshaw, employed, by **Mental Healthcare Management**, contracted, by the Alabama Department Of Corrections, assigned, at G.K. Fountain Correctional Center wrote another written recommendation, stating that it was imperative to the Plaintiff's mental health, for the Plaintiff to be reinstated and continued with the prolonged hormonal therapy, as received, by the Plaintiff, for years, prior to the Plaintiff's current incarceration and such written recommendation, as written was addressed to the institutional medical physician, **Dr. Robert Barnes, M.D.**, employed, by Prison Healthcare Services (PHS), contracted, by the Alabama Department Of Corrections, assigned, at G.K. Fountain Correctional Center, Fountain 3800, Atmore, Alabama.

21.  Further to absolutely no avail, throughout, 2005, Dr. Donna Earnshaw, M.D., wrote several other written recommendation(s) to **Dr. Robert Barnes, M.D.**, stating that it was imperative to the Plaintiff's mental health to be reinstated and continued the Plaintiff with the prolonged hormonal therapy, as received, by the Plaintiff, for years, prior to the Plaintiff's current incarceration.  However, Dr. Robert Barnes, M.D., listed and named Defendant, thereby failed to follow the constitutionally recognized, accepted and employed adequate medical care, treatment and therapy, as prescribed and received, by the Plaintiff, prior to the Plaintiff's current incarceration, Premarin 1.25 mg, Three (3) Times, per day.

22.  On November 15, 2005, the Alabama Department Of Corrections established, published and employed an administrative directive, regulation and/or protocol, specifically, the **Alabama Department Of Corrections(A.D.O.C.) Administrative Regulation #637, Gender Identity Disorder(s)**, in which to administer standard

9

medical care, treatment and therapy to inmate(s) (the Plaintiff) diagnosed with the serious

medical diagnosis of Gender Dysporia-Transsexual Type.

23. From November 6, 2005, through, May 26, 2006, some well after,

the **Alabama Department Of Corrections (A.D.O.C.)**, had established and employed

its administrative regulation, the **Alabama Department Of Corrections-Administrative**

**Regulation #637, Gender Identity Disorder(s)** (Dysphoria), in regards to rendering,

an adequate constitutionally recognized medical diagnosis, the A.D.O.C., deliberately,

failed to ensure that the Plaintiff was being provided, by their own contracted medical

healthcare providers with such mandated established standard sexual reassignment

medical care and treatment regimen, as prescribed and received, prior to the Plaintiff's

current incarceration, in which is thereby, a **"SERIOUS MEDICAL NEED"**,

as prescribed, according to their own authority, as set forth within the written content(s)

of the **Alabama Department Of Corrections-Administrative Regulation #637 Gender**

**Identity Disorder(s)** (Dysphoria)

24. On May 4, 2006, **Dr. Robert Hunter, M.D.**, employed, by Mental Healthcare

Management, Inc., contracted, by the Alabama Department Of Corrections,

as Chief Psychiatrist, wrote a memorandum and treatment summary, addressed to

**Dr. Ron Cavanaugh, PsyD.**, employed, by the Alabama Department Of Corrections,

as Medical Director, informing, Dr. Ron Canvanaugh, PsyD., that the Plaintiff's treatment

summary was based on the review of the Plaintiff's Mental Health Records,

from December 3, 2004, through, May 4, 2006, including, the Plaintiff's initial

psychiatric assessment, completed, on December 3, 2004, by Dr. Donna Earnshaw, M.D.,

as well as subsequent progress notes. Also informing, that the Plaintiff is a pre-operative

male-to-female transsexual treated with Premarin, at 1.25 mg, Three (3) Times a day,

for at least a Seven (7) year period of time, prior to the Plaintiff's current incarceration.

Dr. Robert Hunter, M.D., also stated within the written contents of his memorandum and

treatment summary of the Plaintiff's medical care and treatment, as addressed to **Dr. Ron**

**Canvanaugh, PsyD.**, stating that the Plaintiff has been living as a "woman" for some

time and was scheduled, for re-assignment prior to his current arrest. Dr. Hunter, also

admitted that since being with the Alabama Department Of Corrections' custody, the

Plaintiff has not received any hormonal treatment, and therefore, as a subsequent result,

the Plaintiff suffered from anxiety and depression.

25. On May 27, 2006, **Dr. Robert Barnes, M.D.**, Institutional Physician,

at G.K. Fountain Correctional Center, employed, by the Prison Healthcare Services

(PHS), and contracted, by the Alabama Department Of Corrections and a listed and

named Defendant, for the purpose of this instant said cause action, finally without

incident wrote a standing medical order and instruction, for the Plaintiff to be reinstated

and continued the employed equivalent to the constitutionally accepted adequate standard

medical care, treatment and hormonal therapy, specifically, Menest, also a form of

Estrogen Hormone, at 1.25 mg. Three (3) Times each (per) day, for a period of time

of One Hundred Twenty (120) day period of time to last, through, September 23, 2006,

in which, such constitutionally structured prescribed adequate standard medical care of

treatment and therapy was the same standard medical care, treatment and therapy that

the Plaintiff received prior to the Plaintiff's current incarceration within the confinements

of the Alabama Department Of Corrections, and such medical care, treatment and

therapy, in which, **Dr. Robert Barnes, M.D.**, actively prescribed, on May 26, 2006,

11

was mandated, according to the governing authority of the **Alabama Department Of Corrections-Administrative Regulation #637, Gender Identity Disorder.**

    26. On July 27, 2006, the Alabama Department Of Corrections, through, **Dr. George Lyrene, M.D.,** Director Of Inmate Treatment, for the Alabama Department Of Corrections, singularly, by himself, overrode the majority of the appointed committee and treatment team, thereby known, as the Gender Identity Disorder Management and Treatment Committee, Dr. Robert Hunter, M.D., employed, by Mental Healthcare Management, Inc. (MHM), as Chief Psychiatrist, contracted, by the Alabama Department Of Corrections, along with Dr. Sylvia McQueen, M.D., employed, by the Alabama Department Of Corrections, as Director Of Inmate Medical Treatment, the authority of Prison Healthcare Services (PHS) and Mental Healthcare Management, Inc. (MHM) that was vested to them, through, the written authority of the Alabama Department Of Corrections, the **Alabama Department Of Corrections-Administrative Regulation #637, Gender Identity Disorder(s)** to be actively and concurrently, in charge of treating inmates with any diagnosis associated with this administrative regulation, thereby arbitrarily and capriciously with deliberate indifference intervened the decision of the Gender Identity Disorder Management and Treatment Committee's majority, in which was in favor of re-instating and continuing, the equivalent of the hormonal therapy, as received, prior to the Plaintiff's current incarcerated, Menest, at 1.25 mg. Three (3) Times, each (per) day, and abruptly discontinued the structured prescribed employed constitutionally accepted adequate standard medical care, treatment and therapy of this prescribed written medical order and instruction, in which was supposed to last, throughout, September 26, 2006.

27.  Since, July 26, 2006, the Plaintiff has sought to be restored, reinstated and continued to the constitutionally structured accepted adequate standard medical care, treatment and therapy, as received, by the Plaintiff, as prescribed, by **Dr. Robert Barnes, M.D.**, Institutional Physician, at G.K. Fountain Correctional Center and a listed and named Defendant, for the purpose of this instant cause of action prior to the discontinuation of this prescribed medical therapy, by Dr. George Lyrene, PsyD., Inmate Medical Director, employed, by the Alabama Department Of Corrections.

28.  Also since, July 26, 2006, through, the date of filing this instant said cause of action, **Dr. Robert Barnes, M.D., Dr. Robert Hunter, M.D.**, and **Dr. Sylvia McQueen**, all in which are listed and named Defendant(s), for the purpose of this instant said cause of action have deprived, the Plaintiff of receiving constitutionally accepted adequate medical care, treatment and therapy.

29.  Since, October 21, 2004, the Plaintiff's incarceration within the confined physical care, custody and control of the Alabama Department Of Corrections, **Mental Healthcare Management, Inc. (MHM)**, the Plaintiff has not been treated, by qualified, skilled and trained medical professionals that have experience, in treating patients with the exact same diagnosis, as the Plaintiff.

30.  The medical professional, employed, by **Mental Healthcare Management (MHM)**, assigned, at G.K. Fountain Correctional Center that are responsible, for rendering psychological and psychiatric care and treatment to the Plaintiff, do not have the necessary experience, in which to render the Plaintiff constitutionally accepted adequate medical care, treatment and therapy.

13

31. On October 21, 2004, prior to the Plaintiff's current incarceration within the **Alabama Department Of Corrections**, the Plaintiff was also diagnosed with a neurological disorder of Sleep Apena, by a experienced professionally trained, skilled and qualified neurologist. The Plaintiff's Free-world neurologist prescribed medical care treatment and regimen was in the form of a C-Pap Machine, in which was to assist the Plaintiff with breathing difficulties during sleep.

32. From December, 2004, throughout, the date of filing this civil right complaint, **Dr. Robert Barnes, M.D.**, Institutional Physician, at G.K. Fountain Correctional Center, employed, by Prison Healthcare Services (PHS), contracted, by the Alabama Department Of Corrections has continuously written prescribed medical order(s) and instruction(s), absolutely no avail, for the Plaintiff to be provided with a C-Pap Machine, as prescribed, by the Plaintiff's, free-world neurologist and received, by the Plaintiff, for years prior to the Plaintiff's current incarceration. However Prison Healthcare Services, along with the Alabama Department Of Corrections has repeatedly failed to comply with the written medical order(s) and instruction(s) of **Dr. Robert Barnes, M.D.**, in which was to provide the Plaintiff with a C-Pap Machine.

33. **Mr. Jerry Ferrell, M.D.**, listed and named Defendant has repeatedly fail to invoke his authority, as head warden of the prison facility that secures, the actual physical care, custody and control of the Plaintiff to ensure that departmental regulations, specifically, the **Alabama Department Of Corrections-Administrative Regulation #637, Gender Identity Disorders** were adhered, in which would have provided, the Plaintiff with an constitutionally adequate means of medical care, treatment and therapy, as received, by the Plaintiff, prior to the Plaintiff's current incarceration.

He also, as head warden of the correctional facility, in which, the Plaintiff is currently incarcerated has failed to ensure that the Plaintiff receive prescribed medical care, treatment and therapy, in which, **Dr. Robert Barnes, M.D.**, listed and named Defendant and institutional physician, along with the Plaintiff's free-world specialist, prescribed, for the Plaintiff to receive a C-Pap Machine to assist the Plaintiff, during the Plaintiff's sleeping hours, at night, in compliance with the Eighth (8th) Amendment of the United States Constitution.

34.  From October 21, 2004, through, the date of filing this 42 U.S.C. 1983 Civil Rights Complaint, the listed and named Defendant(s) have deprived, the Plaintiff from receiving a constitutionally accepted adequate medical care, treatment and therapy, in violation of the Eighth (8th) Amendment of the United States Constitution, and therefore, as a subsequent result the Plaintiff has suffered dizziness, excessive weight gain, complete body fact redistribution, fainting spells, headaches, hot-flashes, anxiety, severe depression, more than usual depression, as associated with these two (2) particular and specific diagnosis, the growth of first time facial hair, in which has caused facial scarring and shaving rashes, associated with first time hair growth, along with having to shave such hair growth, due to having to the Plaintiff having to shave such facial hair to be in mandated compliance with the rule(s) and regulation(s) of the Alabama Department Of Corrections, in which is the immediate incarcerated environment of the Plaintiff regarding facial hair. This damage, irreparable harm and suffering of the Plaintiff is the proximate cause of the listed and named Defendant's breach of contractual, constitutional, professional and obligatory duties and responsibilities.

<u>**RELIEF REQUESTED**</u>

**WHEREFORE, ALL PREMISES BEING HEREBY CONSIDERED,**

the Plaintiff, pro se, does hereby request that this Honorable Court grant the following

relief:

**1. Issue A Declaratory Judgment**, stating that, as follows:

      **(a)** From October 21, 2004, through, November 15, 2005, the
**Commissioner**, for the **Alabama Department Of Corrections**, listed and named
Defendant(s) within this instant said cause of action, thereby failed to establish, publish
and employ an administrative directive and/or regulation, in which, defined a
constitutionally accepted adequate standard medical care and treatment, in regards to the
Plaintiff's serious medical diagnosis of Gender Dsyphoria-Transsexual Type,
and therefore, as a subsequent result of the breach of this Defendant's constitutional duty,
in which thereby denied, the Plaintiff of receiving adequate medical care, treatment and
therapy was cruel and unusual punishment and violated the Plaintiff's constitutional
right(s), as secured and guaranteed under the governing provision(s) of the **Eighth (8th)
Amendment of the United States Constitutions**.

      **(b)** From December 1, 2004, through, May 26, 2006,
**Dr. Robert Barnes, M.D.**, Institutional Physician, employed, by Prison Healthcare
Services (PHS), contracted, by the Alabama Department Of Corrections, assigned to
G.K. Fountain Correctional Center, Fountain 3800, Atmore, Alabama, for over a
period of time of approximately One (1) year and half (1/2), this Defendant, as listed and
named, thereby failed and refused to provide any medical care, treatment and therapy,
in regards to the Plaintiff's medical diagnosis Gender Dysphoria-Transsexual Type,
in which, this action of this Defendant, as listed and named was deliberately indifferent to
the serious medical need(s) of the Plaintiff these Defendant's did know or subjectively
should have known that his action(s) were cruel and unusual punishment, in which
thereby violated the Alabama Liability Tort Actions, as defined, pursuant
to the **Code Of Alabama**, 1975, as amended, Title §6-5-484, **Degree Of Care Owed To
Patient**. Such actions of this listed and named Defendant, also violated the
Plaintiff's constitutional right(s), as guaranteed and secured, under the governing
provision(s) of the **Eighth (8th) Amendment of the United States Constitution**.

      **(c)** From December 1, 2005, through, May 25, 2006,
**Dr. Ron Canvanaugh, PsyD.** and **Dr. George Lyrene, PsyD.**, both doctor(s) are
employed, by the Alabama Department Of Corrections, as Medical Director(s),
along with **Dr. Robert Hunter, M.D.**, employed, by Mental Healthcare Management,
Inc. (MHM), contracted, by the Alabama Department Of Corrections,
as the Chief Psychiatrist, and **Dr. McQueen, M.D.**, employed, Prison Healthcare
Services (PHS), contracted, by the Alabama Department Of Corrections, as Director

16

Of Inmate Medical Treatment, all in which are listed and named Defendant(s), for the purposes of this instant cause of action for approximately a time period of Six (6) months thereby failed and refused to provide any medical care, treatment and therapy, in regards to the Plaintiff's medical diagnosis Gender Dysphoria-Transsexual Type, in which, this action of this Defendant, as listed and named was deliberately indifferent to the serious medical need(s) of the Plaintiff, and therefore, as a subsequent result did know or subjectively should have known that his action(s) were cruel and unusual punishment, in which thereby violated, the Plaintiff's constitutional right(s), as guaranteed and secured, under the governing provision(s) of the **Eighth (8th) Amendment of the United States Constitution**.

(d) From October 21, 2004, through, the date of filing this 42 U.S.C. §1983 Civil Right(s) Complaint the **Alabama Department Of Corrections (A.D.O.C.) and Prison Healthcare Services (PHS)**, both are listed and named Defendant(s), for the purpose of this said instant cause of action, for an approximate period of over Two (2) years have failed and refused to provide any medical care and treatment, as received, by the Plaintiff, prior to the Plaintiff's current incarceration, for the Plaintiff's neurological diagnosis of Narcolepsy and Sleep Apena, and as prescribed, by the Plaintiff's current institutional medical physician, Dr. Robert Barnes, M.D., in which these listed and named Defendant(s) were deliberately indifferent to medical need(s) of the Plaintiff and therefore, as a subsequent result these listed and named Defendant(s) did know or subjectively should have known that his action(s) were cruel and unusual punishment, in which thereby violated, the Plaintiff's constitutional right(s), as guaranteed and secured, under the governing provision(s) of the **Eighth (8th) Amendment of the United States Constitution**.

(e) From November 16, 2005, through, the date of filing this 42 U.S.C. §1983 Civil Right(s) Complaint, the **Prison Healthcare Services (PHS)**, along with **Mental Healthcare Management, Inc. (MHM)**, both healthcare service provider(s), were deliberately indifferent to the serious medical need(s) of the Plaintiff did know or subjectively should have known that their action(s), thereby failing to have on the employed medical staff, the adequate experienced skilled and trained professional personnel, in which was required to provide the Plaintiff with the constitutionally accepted and employed standard medical care, treatment and therapy, as the Plaintiff received prior to the Plaintiff current incarceration, for the Plaintiff's medical diagnosis of Gender Dysphoria-Transsexual Type, in violation of the Alabama Liability Tort Actions, as defined, pursuant to the **Code Of Alabama**, 1975, as amended, Title §6-5-484, **Degree Of Care Owed To Patient**.

(f) From November 16, 2005, through, May 26, 2006, **Dr. Ron Canvanaugh, PsyD., Dr. George Lyrene, PsyD., Dr. Robert Hunter, M.D., and Dr. McQueen, M.D.**, the Gender Identity Disorder Management and Treatment Committee, as thereby designated under the authority of the Alabama Department Of Corrections, through, the **Alabama Department Of Corrections-Administrative Regulation #637, Gender Identity Disorder(s)**, in which are all listed and named Defendant(s), for the purpose of this instant said cause of action have all failed

and refused to provide the Plaintiff with the established, published, employed and mandated standard medical care, treatment and therapy, thereby owed to the Plaintiff, for the Plaintiff's medical diagnosis of Gender Dysphoria-Transsexual Type, in which has been constitutionally recognized to constitute a serious medical need, for which, the Plaintiff received prior to the Plaintiff's current incarceration, in violation of the Alabama Liability Tort Actions, as defined, pursuant to the **Code Of Alabama**, 1975, as amended, Title §6-5-484, **Degree Of Care Owed To Patient.**

    **2.** The Plaintiff seeks **Compensatory Damages**, against, the listed and named

Defendant(s), in the following:

        **(a)** In the Plaintiff's favor, the Plaintiff seeks for a written judgment to be entered, for **Compensatory Damages**, in the monetary sum of Twenty-five Thousand and 00/100's Dollars ($25,000.00), against **Dr. Ron Canvanaugh, PsyD.,** listed and named, as a Defendant, for the purpose of this said instant cause of action is employed, by the Alabama Department Of Corrections, as Medical Director.

        **(b)** In the Plaintiff's favor, the Plaintiff seeks for a written judgment to be entered, for **Compensatory Damages**, in the monetary sum of Two Hundred Fifty Thousand and 00/100's Dollars ($250,000.00), against **Dr. George Lyrene, PsyD.,** listed and named, as a Defendant's, for the purpose of this said instant cause of action is employed, by the Alabama Department Of Corrections, as Medical Director.

        **(c)** In the Plaintiff's favor, the Plaintiff seeks for a written judgment to be entered, for **Compensatory Damages** in the monetary sum of Two Hundred Fifty Thousand and 00/100's Dollars ($250,000.00), against **Prison Healthcare Services (PHS),** listed and named, as Defendant's, for the purpose of this said instant cause of action is employed, by the Alabama Department Of Corrections, as the Contract Healthcare Provider.

        **(d)** In the Plaintiff's favor, the Plaintiff seeks for a written judgment to be entered, for **Compensatory Damages** in the monetary sum of Ten Thousand and 00/100's Dollars ($10,000.00), against **Dr. McQueen, M.D.,** listed and named, as a Defendant, for the purpose of this said instant cause of action is employed, by the Alabama Department Of Corrections, as Director Of Inmate Medical Care and Treatment.

        **(e)** In the Plaintiff's favor, the Plaintiff seeks for a written judgment to be entered, for **Compensatory Damages** in the monetary sum of Five Hundred Thousand and 00/100's Dollars ($500,000.00), against **Dr. Robert Barnes, M.D.,** listed and named, as a Defendant, for the purpose of this said instant cause of action is employed, by Prison Healthcare Services (PHS), contracted, by the Alabama Department Of Corrections, as Institutional Medical Physician.

**(f)** In the Plaintiff's favor, the Plaintiff seeks for a written judgment to be entered, for **Compensatory Damages** in the monetary sum of Ten Thousand and 00/100's Dollars ($10,000.00), against **Mental Healthcare Management (MHM)** listed and named, as Defendant's, for the purpose of this said instant cause of action is employed, by the Alabama Department Of Corrections, as the Mental Healthcare Provider.

**(h)** In the Plaintiff's favor, the Plaintiff seeks for a written judgment to be entered, for **Compensatory Damages** in the monetary sum of Ten Thousand and 00/100's Dollars ($10,000.00), against **Dr. Robert Hunter, M.D.,** listed and named, as a Defendant, for the purpose of this said instant cause of action is employed, by Mental Healthcare Services (MHM), contracted, by the Alabama Department Of Corrections, as the contracted Mental Healthcare Provider.

**3.** The Plaintiff seeks, a judgment in **Nominal Damages**, against, the listed and named Defendant(s), in the following:

**(a)** In the Plaintiff's favor, the Plaintiff seeks for a written judgment to be entered in the monetary sum of One and 00/100's ($1.00), against, the **Alabama Department Of Corrections**, listed and named Defendant's, for the purpose of this said instant cause of action.

**4.** The Plaintiff seeks **Punitive Damages**, against, the listed and named Defendant(s), in the following:

**(a)** In the Plaintiff's favor, the Plaintiff seeks for a written judgment to be entered, for **Punitive Damages**, in the monetary sum of Fifteen Thousand and 00/100's Dollars ($15,000.00), against **Dr. Ron Canvanaugh, PsyD.,** listed and named, as a Defendant, for the purpose of this said instant cause of action is employed, by the Alabama Department Of Corrections, as Medical Director.

**(b)** In the Plaintiff's favor, the Plaintiff seeks for a written judgment to be entered, for **Punitive Damages**, in the monetary sum of Five Hundred Thousand and 00/100's Dollars($500,000.00), against **Dr. George Lyrene, PsyD.,** listed and named, as a Defendant's, for the purpose of this said instant cause of action is employed, by the Alabama Department Of Corrections, as Medical Director.

**(c)** In the Plaintiff's favor, the Plaintiff seeks for a written judgment to be entered, for **Punitive Damages** in the monetary sum of Two Hundred Fifty Thousand and 00/100's Dollars($250,000.00), against **Prison Healthcare Services (PHS),** listed and named, as Defendant's, for the purpose of this said instant cause of action is employed, by the Alabama Department Of Corrections, as the Contract Healthcare Provider.

19

**(d)** In the Plaintiff's favor, the Plaintiff seeks for a written judgment to be entered, for **Punitive Damages** in the monetary sum of Fifteen Thousand and 00/100's Dollars ($15,000.00), against **Dr. McQueen, M.D.,** listed and named, as a Defendant, for the purpose of this said instant cause of action is employed, by the Alabama Department Of Corrections, as Director Of Inmate Medical Care and Treatment.

**(e)** In the Plaintiff's favor, the Plaintiff seeks for a written judgment to be entered, for **Punitive Damages** in the monetary sum of Two Hundred Fifty Thousand and 00/100's, Dollars ($250,000.00), against **Dr. Robert Barnes, M.D.,** listed and named, as a Defendant, for the purpose of this said instant cause of action is employed, by Prison Healthcare Services (PHS), contracted, by the Alabama Department Of Corrections, as Institutional Medical Physician.

**(f)** In the Plaintiff's favor, the Plaintiff seeks for a written judgment to be entered, for **Punitive Damages** in the monetary sum of Fifteen Thousand and 00/100's Dollars ($15,000.00), against **Mental Healthcare Management (MHM)** listed and named, as Defendant's, for the purpose of this said instant cause of action is employed, by the Alabama Department Of Corrections, as the Mental Healthcare Provider.

**(h)** In the Plaintiff's favor, the Plaintiff seeks for a written judgment to be entered in the monetary sum of Fifteen Thousand and 00/100's ($15,000.00), against **Dr. Robert Hunter, M.D.,** listed and named, as a Defendant, for the purpose of this said instant cause of action is employed, by Mental Healthcare Services (MHM), contracted, by the Alabama Department Of Corrections, as the contracted Mental Healthcare Provider.

**5.** Pursuant to the Federal Rules Of Civil Procedure (Fed. R. Civ. P.), Rule(s) 38 and 39, the Plaintiff exerts demand trial by jury.

**6.** The Plaintiff, hereby seeks, for this Honorable Court to grant Preliminary Injunctive Relief within this instant said cause of action, pursuant to the Federal Rules Of Civil Procedure (Fed. R. Civ. P.), Rule 65.

**7.** The Plaintiff seeks a written order of judgment, for any and all legal fees and cost of court, as accumulated with filing this instant said cause of action to be and hereby TAXED against, the Defendant's, as listed and named within the written content(s) of this 42 U.S.C. §1983 Civil Right(s) Complaint.

20

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

ARIEL A. ADLA, (RE'NAUL M. JOHNSON)
Prison Number, #166237,
      **Plaintiff.**

               **VS.**

ALABAMA DEPARTMENT OF CORRECTIONS and HON. RICHARD A. ALLEN, and DR. RON CANVANAUGH, PSY.D., and DR. GEORGE LYRENE, M.D., and PRISON HEALTHCARE SERVICES, and DR. SYLVIA MCQUEEN, M.D., and DR. ROBERT BARNES, M.D., and MENTAL HEALTHCARE MANAGEMENT and DR. ROBERT HUNTER, M.D., and JERRY FERRELL,
      **Defendant(s).**

### 42 UNITED STATES CONSITUTION
### (U.S.C.) § 1983 CIVIL RIGHTS COMPLAINT
### OATH OF AFFIRMATION

**I DO HEREBY ACKNOWLEDGE AND DECLARE UNDER THE PENALTY OF PERJURY THAT ALL STATEMENT(S), AS CONTAINED WITHIN THE WRITTEN CONTENT(S) OF THIS 42 U.S.C. 1983 CIVIL RIGHTS COMPLAINT ARE ALL TRUE AND CORRECT AS STATED THEREIN TO THE BEST OF MY KNOWLEDGE HEREIN.**

Ariel A. Adla
(Re'Naul M. Johnson, #166237),
**COMPLAINTANT, PRO SE,**

                         **Apr. 16, 2007**
                         **Date**

**STATE OF ALABAMA**

**COUNTY OF ESCAMBIA**

      **SWORN TO AND SUBSCRIBED BEFORE ME** on this ___16___ day of
___April___, 2007.

**NOTARY PUBLIC**

My Commission Expires:

___1-12-2011___



Ariel Aasiya Adla
(Re Naul M. Johnson, #166237)
G.K. Fountain Correctional Center
9677 Highway 21
Fountain 3800
Atmore, Alabama   36503-3800

CONFIDENTIAL, PERSONAL AND PRIVATE



Office Of The Clerk
Honorable Charles Diard
United States District Court
Southern Division
113 St. Joseph Street
Mobile, Alabama   36602

LEGAL