CASE NO.:   07-0278-KD-M

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RE'NAUL M. JOHNSON
(Ariel Aasiya Adla),
Plaintiff,

VS.

HONORABLE RICHARD FRANK ALLEN,
Commissioner, Alabama Department Of Corrections,
(A.D.O.C.), et al.,
Defendant(s).

PLAINTIFF'S MEMORANDUM OF LAW AND BRIEF IN SUPPORT OF
APPLICATION FOR A TEMPORARY RESTRAINING ORDER
AND/OR IN THE ALTERNATIVE
APPLICATION FOR A PRELIMINARY INJUNCTION

Re'Naul M. Johnson,
(Ariel Aasiya Adla),
     Plaintiff, pro se,

Re'Naul M. Johnson, #166237
(Ariel Aasiya Adla),
G.K. Fountain Correctional Center
Fountain 3800
Atmore, Alabama 36503-3800

## STATEMENT REGARDING ORAL AGRUMENT

Pursuant to the Federal Rule(s) Of Court-Federal Rule(s) Of Civil Procedure (Fed. R. Civ. P.), Rule 65, the Plaintiff, as listed and named within the written content(s) of this instant said cause of action does hereby immediately request an oral argument, in regards to the referenced Application For A Temporary Restraining Order and/or in the alternative Application For A Preliminary Injunction.

# TABLE OF CONTENT(S)

### Content(s)

1. Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . .

2. Table Of Content(s) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

3. Table Of Cited Case Authorities . . . . . . . . . . . . . . . . . . . .

4. Statement Of The Case . . . . . . . . . . . . . . . . . . . . . . . . . .

5. Statement Of The Fact(s) . . . . . . . . . . . . . . . . . . . . . . . . .

6. Ground(s) As Presented . . . . . . . . . . . . . . . . . . . . . . . . . .

7. Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

8. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

9. Certificate Of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### Page(s)

# TABLE OF CITED CASE AUTHORITIES

### Cited Case Authorities

**Page(s)**

**Albro v. County Of Onondaga, N.Y.**,
627 F.Supp. 1280, 1287 (N.D.N.Y. 1986) . . . . . . . . . . . . . . . . . . .

**Ardis v. Mansour**,
627 F.Supp. 641, 644 (W.D.Mich. 1986) . . . . . . . . . . . . . . . . . . .

**Aswegan . Bruhl**,
965 F.2d 676, 677-678 (8th Cir. 1992) . . . . . . . . . . . . . . . . . . . . .

**Bowing v. Godwin**,
551 F.2d 44, 47 (4th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . .

**Dace v. Solem**,
858 F.2d 385, 387-388 (8th Cir.1988) . . . . . . . . . . . . . . . . . . . . .

**Duran v. Anaya**,
642 F.Supp. 510, 527 (D.N.M. 1986) . . . . . . . . . . . . . . . . . . . . .

**Estelle v. Gamble**,
429 U.S. 97, 105, 97 S.Ct. 285 (1976) . . . . . . . . . . . . . . . . . . . . .

**Forry, Inc. v. Neundorfer, Inc.**,
837 F.2d 259, 262 (6th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . .

**Friendship Materials,Inc. v. Michigan Brick, Inc.**,
679 F.2d 100, 105 (6th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . .

**Frisch's Restaurant Inc. v. Shoney's, Inc.**,
759 F.2d 1261, 1270 (6th Cri. 1985) . . . . . . . . . . . . . . . . . . . . . .

**Hill v. Marshall**,
962 F.2d 1209, 1213-1214 (6th Cir. 1992) . . . . . . . . . . . . . . . . . .

**Inmates Of Allegheny County Jail v. Pierce**,
612 F.2d 745, 763 (3rd Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . .

**Cited Case Authorities**                                    Page(s)

**In re DeLorean Motor Co.**,
755 F.2d 1233 (6th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**Lafual v. Smith**,
834 F.2d 389, 393-394 (4th Cir. 1987) . . . . . . . . . . . . . . . . . . . .

**Llewelyn v. Oakland County Prosecutor's Office**,
402 F.Supp. 1379, 1393 (E.D.Mich. 1975) . . . . . . . . . . . . . . . . . .

**Mason County Medical Association v. Knebel**,
563 F.2d 256, 261 (6th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . .

**Mitchell v. Cuomo**,
748 F.2d 804, 808 (2nd Cir.1984) . . . . . . . . . . . . . . . . . . . . . . . . .

**Newsom v. Norris**,
888 F.2d 371, 378 (6th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . .

**Partridge v. Two Unknown Police Officers Of Houston**,
791 F.2d 1182, 1187 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . .

**Phillips v. Michigan Department Of Corrections**,
731 F.Supp. 792, 801 (W.D.Mich. 1990), aff'd,
932 F.2d (6th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**Ramos v. Lamm**,
639 F.2d 559, 574 (10th Cir.),
cert. denied, 450 U.S. 1041,
101 S.Ct. 1759, 68 L.Ed.2d 239 (1980) . . . . . . . . . . . . . . . . . . . .

**Roghan v. Block**,
590 F.Supp. 150 (W.D.Mich. 1984) . . . . . . . . . . . . . . . . . . . . . . .

**Synanon Foundation, Inc. v. California**,
444 U.S. 1307, 100 S.Ct. 496,
62 L.Ed.2d 454 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**University Of Texas v. Comenisch**,
451 U.S. 390, 395, 101 S.Ct. 1830, 1834,
68 L.Ed.2d 175 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## Cited Case Authorities                                    Page(s)

**Washington v. Dugger**,
860 F.2d 1018, 1012 (11th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . .

**Wellman v. Faulkner**, 715 F.2d 269, 273
(7th Cir.), cert. denied, 468 U.S. 1217,
104 S.Ct. 3587, 82 L.Ed.2d 885 (1983) . . . . . . . . . . . . . . . . . . . .

**Williams v. Lane**,
646 F.Supp. 1379, 1409 (N.D.III. 1986) . . . . . . . . . . . . . . . . . .


## Other Cited Authorities

## Alabama Department Of Corrections-Administrative Regulation

**#637, Gender Identity Disorder(s)** . . . . . . . . . . . . . . . . . . . . . . .

## STATEMENT OF THE CASE

This is a civil rights action brought under 42 United States Constitution (U.S.C.) §1983 Civil Rights Complaint, by a prisoner (inmate) incarcerated within the confinements of the Alabama Department Of Corrections, thereby challenging, the cruel and unusual punishment, through, the listed and named added Defendant(s), being deliberate indifferent, through, the denial, failure and refusal to provide the Petitioner, with a constitutionally structured , prescribed and employed adequate standard medical care, treatment and therapy, in direct violation of the Eighth (8th) Amendment of the United States Constitution, and the Alabama Department Of Corrections - Administrative Regulation #637, **GENDER IDENTITY DISORDER**.

## STATEMENT OF THE FACT(S)

For year(s) prior to October 21, 2004, at the time, in which the Plaintiff,
entered the physical custody of the Alabama Department Of Corrections,
from the custody of the Housotn County Jail, Dothan, Alabama, the Plaintiff had
ben medically, psychiartically and psychologically diagnosed with the diagnosis
of Gender Dysphoria-Transsexual Type, Male-To-Female.  The Plaintiff was
subsequently being treated with anti-depressant(s), specifically Effexor,
along with female hormonal therapy, namely Premarin, at 1.25 mg., Three (3)
times (per) each day.

Upon, the Plaintiff entering, the Alabama Department Of Corrections,
at Kilby Correctional Center, on October 21, 2004, the contracted medical
personnel of the Alabama Department Of Corrections, specifically,
Prison Healthcare Services (PHS), in which is thereby contracted to assume
the lawful responsibility of the Alabama Department Of Corrections,
thereby refused to re-instate, the Plaintiff's female homonal therapy, as had
been received, by the Plaintiff, for year(s), prior to the Plaintiff's current
incarceration within the physical custody of the Alabama Department Of
Corrections.

On October 21, 2004, upon the Plaintiff, entering the Alabama
Department Of Corrections, at Kilby Correctional Center, the Receiving
Intake Unit, for the Alabama Department Of Corrections, the Plaintiff,

on November 18, 2004 was transfered to G.K. Fountain Correctional Center,

Fountain 3800, Atmore, Alabama 36503-3800.  On December 3, 2004,

initial psychiatric assessment was conducted on the Plaintiff, by Dr. Donna

Earnshaw, M.D., employed, by Mental Healthcare Management, contracted by,

the Alabama Department Of Corrections and assigned to G.K. Fountain

Correctional Center, as the Institutional Psychiatrist, in which, at that time

Dr. Earnshaw, confirmed, the Plaintiff's free-world medical diagnosis, and as

a subsequent result, Dr. Earnshaw, M.D., concurred with the medical diagnosis

of the Plaintiff's, free-world medical and mental healthcare team, thereby she

made a concurrent diagnosis, diagnosing, the Plaintiff with Gender Dysphoria-

Transsexaul Type, Male-To-Female.  **(Exhibit A & B)**

At this point, Dr. Earnshaw, M.D., specifically recommended to

Dr. Robert Barnes, M.D., employed, by Prison Healthcare Services (PHS),

as the Institutional Medical Physician, also contracted, by the Alabama

Department Of Corrections to accept the dutiful and lawful responsibilities,

for inmate healthcare, according to her competent professionalism, for the

Plaintiff to be re-instated, the female hormonal therapy, as received, by the

Plaintiff, prior to the Plaintiff's current incarceration within the physical custody

of the Alabama Department Of Corrections.  However, after repeated attempts,

on behalf of the Plaintiff and Dr. Earshaw, M.D. to have the Plaintff's female

hormonal therapy re-instated to that, in which, the Plaintiff received prior to the

Plaintiff's current incarceration into the Alabama Department Of Corrections,

9

Dr. Barnes, M.D., from December, 2004, through, May 26, 2006, repeatedly

refuse to re-instate, the Plaintiff's female hormonal therapy, as received, by the

Plaintiff, prior to the Plaintiff's current incarceration.

On February 18, 2005, Jerry Ferrell, Head Warden, G.K. Fountain

Correctional Center, Fountain 3800, Atmore, Alabama 36503-3800,

within the contents of a written affidavit of Warden Ferrell, as submitted

to the court, regarding unrelated matter, Warden Ferrell, stated that, the Plaintiff's

as listed and named within this instant said cause medical complaints have

centered around the Plaintiff seeking a "sex change" procedure and/or hormone

therapy.  Within the content(s) of Warden Ferrell's written affidavit, he further

stated that, **"as a warden of a male correctional facility and as a taxpayer**

**of the State Of Alabama and this Defendant (he/Warden Ferrell) hopes**

**and prays that medical treatment in that form is denied and will continue**

**to be denied.  This Defendant (he/Warden Ferrell) avers that Plaintiff has**

**not been denied other reasonable medical treatment."**  (See Exhibit C)

The Plaintiff, hereby argues that within the contents of the written affidavit

of Warden Ferrell that, Warden Ferrell acknowledged that he was well aware of

the Plaintiff's complaint alleging that the Plaintiff was denied the same standard

constitutionally adequate medical care, therapy and treatment, as received,

by the Plaintiff, prior to the Plaintiff's current incarceration, for the Plaintiff's

medical diagnosis of Gender Dysphoria-Transsexual Type, Male-To-Female,

in which is thereby constitutionally recognized to constitute to a serious medical need and that Warden Ferrell having this knowledge of such denial and condoning and/or going alone with such unconstitutional conduct, as experienced, by the Plaintiff, by the Defendant(s), as listed and named within this instant said cause of action.

On November 16, 2005, the Alabama Department Of Corrections, thereby published, an administrative regulation, the Alabama Department Of Corrections-Administrative Regulation, #637, Gender Identity Disorders(s), in which was designed to provide a constitutionally adequate and accepted standard form of diagnosing, providing and rendering medical care, treatment and therapy, for all inmate(s), in which was diagnosed with a Gender Identity Disorder(s).  However, from November 16, 2005, through,  May 26, 2006, Dr. Robert Barnes, M.D., employed, by Prison Healthcare Services (PHS), also contracted, by the Alabama Department Of Corrections to accept the dutiful and lawful responsibilities, for inmate healthcare, Dr. Ron Cavanaugh, M.D., and/or Dr. George Lyrene, M.D., employed, by the Alabama Department Of Corrections, as Medical Director, repeatedly failed and refused to adhere and follow its own governing authority, pursuant ot its own published administrative regulation, thereof, the Alabama Department Of Corrections-Administrative Regulation, #637, Gender Identity Disorder(s).  **(See Exhibit D)**

On May 27, 2006, Dr. Robert Barnes, M.D., finally prescribed, and thereby re-instated, the equivalent to the Plaintiff's, female hormonal therapy,

11

through, September 23, 2006, as received, prior to the Plaintiff current

incarceration within the Alabama Department Of Corrections, Menest,

at 1.25 mg.,at Three (3) times (per) each day. **(See Exhibit E)** However,

on July 27, 2006, without consulting Dr. Sylvia McQueen, M.D., employed,

by Prison Healthcare Services (PHS), as Director Of Inmate Medical Treatment,

Dr. Robert Barnes, M.D., the Institutional Medical Physician of G.K. Fountain

Correctional Center,and Dr. Donna Earnshaw, M.D., Institutional Psychiatrist, Dr.

George Lyrene, M.D., employed, by the State Of Alabama Department Of

Corrections, as Assistant Medical Director without valid reason, regard or

professional respect, for the professional decision(s) towards of his professional

colleague(s), thereby discontinued, before, the prescription had expired, the

regulated, female hormone therapy, as prescribed and received, by the Plaintiff, in

which was equivalent to the same employed constitutional adequate standard

medical care, treatment and therapy, as the Plaintiff received, prior to the

Plaintiff's current incarceration within the physical custody of the Alabama

Department Of Corrections.

  After, repeated attempt(s) to no avail, on behalf of the Plaintiff to try

and persuade the Alabama Department Of Corrections to adhere and follow

it's own published authority of the Alabama Department Of Corrections-

Administrative Regulation #637, Gender Identity Disorder(s), to provide

and render, the Plaintiff with the same employed constitutional adequate and

standard medical, treatment and therapy, as prescribed and received, by the

Plaintiff's, prior to the Plaintiff's current incarceration within the Alabama

Department Of Corrections, in regards to the Plaintiff's medical diagnosis

of Gender Dysphoria-Transsexual Type, Male-To-Female, as previously

and concurrently diagnosed and medically treated, prior to the Plaintiff's

current incarceration within the Alabama Department Of Corrections.

Since the Plaintiff physical incarceration within the confinement of the

Alabama Department Of Corrections, through, their deliberate indifference to

the United States Constitution, along with their own administrative authority

the Alabama Department Of Corrections-Administrative Regulation #637,

Gender Identity Disorder(s) has been deprived of a constitutional structured

prescribed standard of medical care, treatment and therapy, and therefore, as a

subsequent result, the Plaintiff ahs suffered irreparable damage harm and injury,

in which was the Defendant(s), as listed and named within this instant said cause

of action was the proximate cause of these injuries. As a result of the Plaintiff's

deprivation, received, as a subsequent result of the Defendant(s) conduct,

the Plaintiff has experienced, excessive weight gain that has not been able to be

controlled, complete body fat redistribution, dizzy spells, fainting spells,

headaches, hot-flashes, anxiety, severe depression, more than usual depression, as

associated with this particular and specific diagnosis, the growth of first time

facial skin scarring, as a subsequent result, the Plaintiff being required to shave

facial, in an effort of having to remove such facial hair, due to the inmate rule(s)

and regulation(s) of my immediate incarcerated environment regarding facial hair.

13

**(See Exhibit(s) F, G, & H)**

Upon, April, 2005, Dr. Robert Barnes, M.D., verifying, the Plaintiff's Neurological diagnosis, for Sleep Apnea - Narcolepsy, as diagnosed, by the Plaintiff's, free-world neurological, Dr. Allan Prince, M.D., Dothan, Alabama, Dr. Barnes, M.D., concurred with Dr. Allan Prince's written prescribed order and/or instruction, thereby prescribing, the Plaintiff, a C-Pap Machine. On four (4) different, distinct and separate occasion(s) Dr. Barnes, M.D., wrote his written prescribed order and/or instruction, for the Plaintiff to receive a C-Pap Machine to no avail, for the authorities of Prison Healthcare Services (PHS) repeatedly failed to adhere and follow his written prescribed order and/or instruction, for the Plaintiff to receive a C-Pap Machine. The unconstitutional conduct of Prison Healthcare Services (PHS) has been the proximate cause the Plaintiff to suffer with irreparable harm injury.

This civil right(s) action, pursuant to 42 United States Constitution (U.S.C.) 1983, thereby seeking, a Temporary Restraining Order And/Or Preliminary Injunction, hereby follow(s).

## GROUND(S) PRESENTED

### ISSUE I.

**WHETHER THE PLAINTIFF WAS SUBJECTED TO
CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE
EIGHTH (8TH) AMENDMENT OF THE UNITED STATES
CONSTITUTION (U.S.C.),
BY BEING DENIED A CONSTITUTIONALLY PRESCRIBED
EMPLOYED ADEQUATE
STANDARD MEDICAL CARE, TREATMENT AND/OR THERAPY**

## ARGUMENT

### ISSUE I.

**WHETHER THE PLAINTIFF WAS SUBJECTED TO
CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE
EIGHTH (8TH) AMENDMENT OF THE UNITED STATES
CONSTITUTION (U.S.C.),
BY BEING DENIED A CONSTITUTIONALLY PRESCRIBED
EMPLOYED ADEQUATE
STANDARD MEDICAL CARE, TREATMENT AND/OR THERAPY**

**THE PETITIONER IS ENTITLED THE ISSUANCE OF A TEMPORARY
RESTRAINING ORDER AND/OR IN THE ALTERNATIVE
PRELIMINARY
INJUNCTION**

In determining whether a party is entitled to a Temporary Restraining

Order or a Preliminary Injunction, courts generally consider several factors;

whether the party will suffer irreparable injury, the "balance of hardships"

between the parties, the likelihood of success on the merits, and the public

interest.  Each of these factors favors the grant of this motion, thereof.

In deciding whether the court should grant a Temporary Restraining
Order and/or in the alternative An Application For A Preliminary Injunction,
they should as whether the suffering of the moving party, which, in this case,
would be the Petitioner, if the motion is denied will it outweigh the suffering of
the non-moving party, in which, in this case will be the Alabama Department Of
Corrections, along with their contracted agent(s), thereof, if the motion is granted.
See, e.g., **Mitchell v. Cuomo**, 748 F.2d 804, 808 (2nd Cir.1984)(holding that
dangers posed by prison crowding outweighed the state's financial and
administrative concerns);  **Duran v. Anaya**, 642 F.Supp. 510, 527 (D.N.M.
1986)(holding that prisoners' interest in the safety and medical care outweighed
the state's interest in saving money by cutting staff).

## A. The Petitioner Is Likely To Succeed On The Merits

The Petitioner has a great likelihood of success on the merits,
as presented within the written contents of this instant said cause of action.
What the Respondent(s), and agent(s), as listed and named, thereby, arose,
from the action(s) of the intentional conduct of deliberate indifference.
The listed and named Respondent(s), and/or their contracted agent(s), thereof,
are directly  responsible, for twice interfering with an established prescribed
standard of medical care, treatment and therapy, thereof.  The first (1st)
interference occurred, on October 21, 2006, upon, the Petitioner, entering,

the physical care, custody and control of the Alabama Department Of

Corrections, and the second (2nd) occasion, thereby, occurred on July 26, 2006,

by Dr. George Lyrene, Director Of Inmate Medical Treatment, Alabama

Department Of Corrections. These action(s) of the listed and named

Respondent(s) and/or their agents, intentionally interfering with an established

prescribed standard of medical care, treatment and therapy, once prescribed,

by qualified specialist, has been singled out, by the United States Supreme

Court, as an example of unconstitutional "deliberate indifference" to prisoners'

medical needs. **Estelle v. Gamble**, 429 U.S. 97, 105, 97 S.Ct. 285 (1976).

Many other courts have held that the failure to carry out physicians' orders is

unconstitutional. See, e.g., **Aswegan . Bruhl**, 965 F.2d 676, 677-678

(8th Cir. 1992)(repeated failures to provide dedications timely);

**Hill v. Marshall**, 962 F.2d 1209, 1213-1214 (6th Cir. 1992)(failure to provide

Tuberculosis medication), cert. denied, _____ U.S. _____ (1993);

**Dace v. Solem**, 858 F.2d 385, 387-388 (8th Cir.1988) (failure of prison doctors

to carry out surgery scheduled before plaintiff's incarceration);

**Washington v. Dugger**, 860 F.2d 1018, 1012 (11th Cir. 1988)(failure to return

patient to VA Hospital for medical care and treatment for Agent Orange

Exposure); **Lafual v. Smith**, 834 F.2d 389, 393-394 (4th Cir. 1987)(failure to

provide rehabilitation therapy recommended by orthopedic specialist).

## B. <u>The Petitioner Is Threatened With Irreparable Harm</u>

The Petitioner, alleges, that he has been denied care of what is constitutionally constituted to be a serious medical need contrary to a medical physician's (Dr. George Lyrene, M.D., Director Inmate Treatment, for the Alabama Department Of Corrections) written prescribed medical order and instruction to discontinue a similar standard medical care, treatment and therapy, received, by the Petitioner, prior to the Petitioner's current incarceration.

Such conduct, by the Alabama Department Of Corrections and its listed and named contract agents, thereof, is a clear and direct violation of the Eighth (8th) Amendment of the United States Constitution. As a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm. **Elrod v. Burns**, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976). This principle has been applied in prison litigation generally, see **Newsom v. Norris**, 888 F.2d 371, 378 (6th Cir. 1989); **Mitchell v. Cuomo**, 748 F.2d 804, 806 (2nd Cir. 1984); **Albro v. County Of Onondaga, N.Y.**, 627 F.Supp. 1280, 1287 (N.D.N.Y. 1986); **Williams v. Lane**, 646 F.Supp. 1379, 1409 (N.D.Ill. 1986), aff'd, 851 F.2d 867 (7th Cir. 1988), cert. denied, 109 S.Ct. 879 (1989), and specifically in prison medical carecases. **Phillips v. Michigan Department Of Corrections**, 731 F.Supp. 792, 801 (W.D.Mich. 1990), aff'd, 932 F.2d (6th Cir. 1991).

In addition, the Petitioner, has received irreparable harm, such as, excessive weight gain, complete body fat redistribution, dizzy spells, fainting spells, headaches, hot-flashes, anxiety, severe depression, more than usual depression, as associated with this particular and specific diagnosis, the growth of first time facial skin scarring, as a subsequent result of having shave my face, in an effort of having to remove my hair, due to the inmate rules and regulations of my immediate incarcerated environment regarding facial hair facial hair, and the nature of the deprivation, in which, the Alabama Department Of Corrections, along with their contracted agent(s), thereof, has thereby, caused the actual reversal of years of therapeutic effects, as obtained and maintained, through, the course of previous estrogen (hormonal) medical treatment and therapy.

Under the Estelle formulation, case law supports, the proposition that Gender Dysphoria, does, in deed present a serious medical need. See 821 F.2d at 413 (citing **Partridge v. Two Unknown Police Officers Of Houston**, 791 F.2d 1182, 1187 (5th Cir. 1986); **Wellman v. Faulkner**, 715 F.2d 269, 273 (7th Cir.), cert. denied, 468 U.S. 1217, 104 S.Ct. 3587, 82 L.Ed.2d 885 (1983); **Ramos v. Lamm**, 639 F.2d 559, 574 (10th Cir.), cert. denied, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1980); **Inmates Of Allegheny County Jail v. Pierce**, 612 F.2d 745, 763 (3rd Cir. 1979); **Bowing v. Godwin**, 551 F.2d 44, 47 (4th Cir. 1977). Moreover, when an alleged deprivation of a constitutional right is involved, no further showing of irreparable harm is necessary. See, e.g.,

**Mitchell v. Cuomo**, 748 F.2d 804 (2nd Cir. 1984) (Eighth (8th) Amendment, United States Constitution).

### C. Whether Issuance Of A Temporary Restraining Order And/Or Preliminary Injunction Would Not Cause Substantial Harm Or Injury To Others

The Petitioner, argues, that the purpose of the preliminary injunction is to preserve the status quo pending final determination of the lawsuit. **University Of Texas v. Comenisch**, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981). Preliminary injunctions are addressed to the discretion of the court. **Synanon Foundation, Inc. v. California**, 444 U.S. 1307, 100 S.Ct. 496, 62 L.Ed.2d 454 (1979). This type of relief is an extra-ordinary remedy best used sparingly. **Roghan v. Block**, 590 F.Supp. 150 (W.D.Mich. 1984).

United States Circuit Court(s) have previously cautioned state courts that they should not view these factors as prerequisites to relief, but rather as factors to be balanced. **In re DeLorean Motor Co.**, 755 F.2d 1233 (6th Cir. 1985). Thus, a court can enter a preliminary injunction if it finds that the Petitioner "at least shows serious questions going to the merits and irreparable harm which decidedly outweighs any potential harm to the Defendant(s), as listed and named within this instant said cause of action, if an injunction is issued." **Friendship Materials,Inc. v. Michigan Brick, Inc.**,

20

679 F.2d 100, 105 (6th Cir. 1982). "Where the burden of the injunction would

weigh as heavily on the Respondent(s), as on the Petitioner [, however],

the Plaintiff must make a showing of at least a 'strong probability of success on

the merits' before a trial court would be justified in issuing the order."

**Frisch's Restaurant Inc. v. Shoney's, Inc.**, 759 F.2d 1261, 1270

(6th Cri. 1985). Also, as the strength of showing as to irreparable harm

increases, the necessity to show likelihood of success on the merits

decreases. **Ardis v. Mansour**, 627 F.Supp. 641, 644 (W.D.Mich. 1986).

Yet inspite of the overall flexibility of the test for preliminary injunctive relief,

the Sixth (6th) Circuit of the United States has stated that irreparable harm

element is to be analyzed carefully. **Friendship Materials, Inc. v.**

**Michigan Brick,**Inc., the court said:

> **Despite the overall flexibility of the test for preliminary injunctive**
> **relief, and the discretion vested in the District Court of the United**
> **States, equity has traditionally required [a showing of] irreparable**
> **harm before interlocutory injunction may be issued.**

679 F.2d 100, 103 (6th Cir. 1982).

In this case, the suffering of the Petitioner and all other future suffering,

through, the deliberate indifferent conduct of the Respondent(s), as listed and

named within this instant said cause of action, has thereby, and will continue to

reverse the therapeutic effects of Estrogen Hormonal Medical Therapy,

Care and Treatment, as obtained, through years of previous estrogen hormonal

medical therapy, care and treatment, as received, as a constitutionally

recognized standard medical care, therapy and treatment, by the Plaintiff's,

prior to the Plaintiff's current incarceration within the Alabama Department Of

Corrections. **Phillips v. Michigan Department Of Corrections**, 731 F.Supp

792.

### D. Whether The Public Interest Would Be Best Served By Issuing A Preliminary Injunction

In this instant said cause of action, the granting the Plaintiff's relief will

in deed and in fact serve the public's best interest, because it is always in the

public's best interest, for prison officials to adhere to the constitutional rights

of the inmates, in which are confined within their immediate physical care,

custody and control. **Duran v. Anaya**, 642 F.Supp. 510, 527 (D.N.M. 1986)

("Respect for the law particularly by prison officials in which are responsible

for the administration of the state's correctional system is in and of itself a matter

of the highest public interest."); Also See, **Llewelyn v. Oakland County**

**Prosecutor's Office**, 402 F.Supp. 1379, 1393 (E.D.Mich. 1975)("the United

States Constitution is the ultimate expression of the public interest").

Therefore, it is in the best interest of the public to adhere to the authority

of the law, in which, governs, the provision(s) of the circumstances that are

being thereby challenged. **Forry, Inc. v. Neundorfer, Inc.**, 837 F.2d 259, 262

(6th Cir. 1988); **Mason County Medical Association v. Knebel**, 563 F.2d 256,

261 (6th Cir. 1977).

## **CONCLUSION**

For the foregoing reason(s), the court should grant in its entirety,

the Plaintiff's, Application For Temporary Restraining Order and/or in the

alternative Preliminary Injunction, along with any and all other equitable relief,

in which this Most Honorable Court deems appropriate, necessary and proper,

thereofore.

Respectfully Submitted,

Re'Naul M. Johnson, #166237,
(Ariel A. Adla)
**Plaintiff, pro se,**

## CERTIFICATE OF SERVICE

I do hereby certify that on this _4th_ day of ___May___ , 2007, I have

served a copy of the foregoing **Plaintiff's, Memorandum Of Law And Brief**

**In Support Of Application For A Temporary Restraining Order And/Or In**

**The Alternative Application For A Preliminary Injunction,** by placing,

a true and exact copy of same within the Internal Inmate Mailing System,

at G.K. Fountain Correctional Center, Fountain 3800, Atmore,

Alabama 36503-3800 (United States Mail), postage pre-paid and properly

addressed, as hereby, follows:

Alabama Department Of Corrections
Legal Division
**ATTN: Honorable Tara S. Knee**
Assistant General Counsel
Assistant Attorney General
101 Union Street
Post Office Box 301555
Montgomery, Alabama 36130

Respectfully Submitted,

Re'Naul M. Johnson, #166237,
(Ariel A. Adla)
G.K. Fountain Corr. Center
Fountain 3800
Atmore, Alabama 36503-3800

24

EXHIBIT A

# JACK H. BLALOCK, JR. M.D. P.C.

ADOLESCENT  MEDICINE · ENDOCRINOLOGY

CONFIDENTIAL MEDICAL RECORDS

NUMBER OF PAGES TRANSMITTED INCLUDING THIS COVER PAGE  3

DATE: 12/29/04                    TIME: _____

FAX TO: PHS

FAX# 334-215-9126

## FACSIMILE TRANSMISSION

THE INFORMATION CONTAINED IN THIS FAX MESSAGE IS PRIVILEGED AND
CONFIDENTIAL AND INTENDED ONLY FOR THE USE OF THE ADDRESSEE
LISTED ABOVE. IF YOU ARE NEITHER THE INTENDED RECIPIENT,
EMPLOYEE, OR AGENT RESPONSIBLE FOR DELIVERING THIS INFORMATION
TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY
DISCLOSURE, COPYING, DISTRIBUTION, OR TAKING OF ANY ACTION IN
RELIANCE ON THE CONTENT OF THIS TELECOPIED INFORMATION IS
STRICTLY PROHIBITED.

IF YOU HAVE RECEIVED THIS COPY IN ERROR, PLEASE CONTACT US BY
PHONE IMMEDIATELY AT 706-327-4317.   THANK YOU.

## Office 706 / 327-4317
## FAX 706 / 327-0936

ST. FRANCIS MED. PARK BLDG. F-1 · 2300 MANCHESTER EXPRESSWAY · COLUMBUS, GA 319

CONFIDENTIAL MEDICAL RECORDS

NAME Adla, Ariel

CHART # 13867

DATE 6-13-03        WEIGHT 306        HEIGHT 5'8½"        BP (illegible)

(124/70 af I)

**ARIEL ADLA**
**JUNE 13, 2003**

SUB.;     This young lady is a transexual and has been treated for
          the past year.
          She's not allergic to anything. She's been on estrogen
          for about a year and a half and stopped. Insurance has
          changed. She's taking care of three kids and she's busy.
          She's planning a surgery with Johns Hopkins at Tampa.
          She has been cleared with Dr. Ferrell who referred her
          up here. She has no history of lupus or any hypertension
          problems, although today her blood pressure is up and
          she's quite heavy.

OBJ.;     Heart sounds, normal. Carotids normal. Thyroid,
          normal. She says her blood pressure stays normal at
          home.

PLAN;     1.  Premarin 0.3, twice a day
          2.  RTC three weeks. If pressure is not down then,
              we'll add Aldactone. We'll see.

JHB/ch

6-30-03   Wt 304   Ht 5'8½"   BP   138/86 14

**ARIEL ADLA**
**JUNE 30, 2003**

SUB.;     She's doing quite well. She's taking her medication.
          She stopped the Effexor on her own. She's taking
          Premarin 0.32 a day without problems. Her blood
          pressure is acceptable.

PLAN;     1.  Add Aldactone, 100mg. day, using generic.
          2.  RTC six months

JHB/ch


EXHIBIT B

# IN THE CIRCUIT COURT OF
# MONTGOMERY COUNTY, ALABAMA

RE'NAUL M. JOHNSON,   (#166237),   )
   )
   Petitioner,   )
   )
vs.   )  CIVIL ACTION NO. CV-2005-645
   )
ALABAMA DEPARTMENT OF   )
CORRECTIONS, et al.,   )
   )
   Respondents.   )

### Affidavit of Robert Hunter, MD

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Robert Hunter, MD, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Robert Hunter, MD, and I am over twenty-one (21) years of age. Upon the request of Ron Cavanaugh, PsyD, Alabama Department of Corrections, Director of Treatment, I reviewed the records of ReNaul Johnson AIS #166237 and prepared the attached Memorandum dated May 4, 2006.

Robert Hunter, MD
MHM, Inc. Alabama

SWORN TO AND SUBSCRIBED before me this 5th day of May, 2006.

NOTARY PUBLIC

MY COMMISSION EXPIRES 3/6/08

1

# Memo

**To:**   Ron Cavanaugh, PsyD
        ADOC, Director of Treatment

**From:** Robert Hunter MD
        MHM, Inc Alabama

**Date:** May 4, 2006

**Re:**   Inmate Re'Naul Johnson #166237

This is a treatment summary on inmate Re'Naul Johnson #166237, who is a 38 year old African American, presently incarcerated at Fountain Correctional Facility. This summary is based on review of the mental health records from December 2004 to present, including his initial psychiatric assessment by Donna Earnshaw, MD on December 3, 2004, as well as subsequent progress notes. Mr. Johnson is a pre-op transsexual treated with Premarin for at least a seven year period prior to incarceration. He had been living as a "woman" for some time and was expecting to have sexual reassignment surgery prior to his arrest. Since being in ADOC custody he has not been on any hormonal treatment, resulting in the inmate seeking redress through the courts. He has suffered from anxiety and depression associated with the before mentioned concerns, and as such has been followed by the mental health staff at Fountain. His initial psychiatric assessment noted him as being quite feminine in appearance and demeanor, but otherwise normal except for situational anxiety. He was given a diagnosis of Gender Identity Disorder and Adjustment Disorder with Mixed Features of Anxiety and Depression. He has been prescribed antidepressants, such as Effexor, Prozac and Wellbutrin at various times. Presently, he is on Wellbutrin 150 mg per day and Trazadone 50 mg at bedtime. His treatment course has been fairly stable. There have been no episodes of self-injurious or suicidal behavior; or any instances of aggression or violence. He has been free of any psychotic symptoms. He continues to have anxiety and depression, which seems situational. His compliance with treatment has varied. He regularly attends his sessions with his primary therapist, Dr. Lindman, as well as with Dr. Earnshaw. He has been resistant to involve himself in group therapy, and at times will not take his medication as prescribed. He will not go to pill call for fear of being around other inmates. He continues to assert the courts will rule in his favor for hormonal therapy and remains insistent for this procedure.

If there are any further questions, please feel free to contact me at 334-264-9460.

EXHIBIT C

# IN THE CIRCUIT COURT OF
## ESCAMBIA COUNTY ALABAMA

RE'NAUL M. JOHNSON )
)
    Plaintiff, )
)
v. ) CV 2005-21.60
)
JERRY FERRELL, et. al )
)
    Defendant )

## AFFIDAVIT

Before me, the undersigned authority, personally appeared Jerry Ferrell, who is known to me, and who, after being by me first duly sworn according to the law deposes and says that he is informed of and has personal knowledge of the matters set forth in this Affidavit.

My name is Jerry Ferrell. I am currently employed as Warden III with the State of Alabama Department of Corrections at Fountain Correctional Facility, Atmore, Alabama. I am over twenty-one years of age.

I have read Case No. CV-2005-21.60 and understand plaintiff to allege that he has been denied medical, dental, and psychological treatment while assigned at G.K. Fountain Correctional Center and that as a result plaintiff has suffered pain and mental anguish.

This defendant avers that medical, dental and psychological treatment is available. Inmates request medical, dental treatment via institutional medical/dental screening. This defendant avers that plaintiff has been seen for medical and dental complaints. Plaintiff's medical complaints have centered around plaintiff seeking a "sex change" procedure and/or hormone therapy. As a warden



DEFENDANT'S EXHIBIT
5

of a male correctional facility and as a taxpayer of the State of Alabama this defendant hopes and prays that medical treatment in that form is denied and will continue to be denied. This defendant avers that plaintiff has not been denied other reasonable medical treatment.

This defendant avers that plaintiff has requested and received dental treatment. Records reflect that dental personnel have recommended an extraction of plaintiff's tooth but plaintiff has refused an extraction and requested a temporary filling and has twice received a temporary filling per his request.

Records also reflect plaintiff is seeing mental health on a regular basis and is being treated with medication.

This defendant avers that medical, dental and psychological treatment has been and continues to be received by plaintiff, less and except a sex change procedure and/or hormone treatment.

FURTHER AFFIANT SAYETH NAUGHT.

JERRY FERRELL

Sworn and subscribed to before me
this ___18th___ day of February 2005.

NOTARY PUBLIC

My Commission Expires Aug. 20, 2007

MY COMMISSION EXPIRES

EXHIBIT D




*State of Alabama*
## Alabama Department of Corrections
301 South Ripley Street
P. O. Box 301501
Montgomery, AL 36130

**Bob Riley**
GOVERNOR

**Donal Campbell**
COMMISSIONER

November 16, 2005

ADMINISTRATIVE REGULATION                     OPR: TREATMENT
NUMBER                 637

### GENDER IDENTITY DISORDER

**I.     GENERAL**

This Alabama Department of Corrections (ADOC) Administrative Regulation (AR) establishes the responsibilities, policies, and procedures to ensure a standard of care for the treatment of transsexual inmates.

**II.     POLICY**

It is the policy of the ADOC to provide the appropriate treatment to inmates meeting the criteria for the DSM-IV diagnosis of Gender Identity Disorder.

**III.     DEFINITIONS**

See AR 602, *Mental Health Definitions*, for a definition of the following terms used in this AR:

Gender Identity Disorder

Hormonal Replacement Treatment

Sexual Reassignment Therapy

Sex Offender

Transsexualism

Gender Identity Disorder Management and Treatment Committee

1 of 3

AR 637 – November 16, 2005

## IV. **RESPONSIBILITIES**

A.  The Director of Treatment is responsible for ensuring that all ADOC staff and contracted mental health staff are aware of this AR.

B.  The Gender Identity Disorder Management and Treatment Committee is responsible for determining the appropriate treatment plan for identified inmates.

## V. **PROCEDURES**

A.  Inmates will be assigned to an ADOC Institution in accordance with their gender as determined by their external genitalia.

B.  The initiation of sexual reassignment is prohibitive in a correctional setting.  Self-inflicted genital mutilation or other forms of self-mutilation are contraindications for sexual reassignment treatment.

C.  Inmates entering ADOC with prior surgical alteration of genitals and/or hormonal therapy procedures will continue to receive maintenance hormone replacements.

D.  The institutional Psychiatrist will refer any inmate presenting with symptoms of Gender Identity Disorder to the Gender Identity Disorder Management and Treatment Committee.

   1.  The committee is comprised of the ADOC Medical Director, Contract Chief Psychiatrist, and ADOC Director of Treatment.

   2.  A medical specialist in the treatment of transsexuals may be retained as a consultant on specific cases.

   3.  The diagnosis of Gender Identity Disorder will be based on DSM-IV criteria and will be assigned and/or approved by this committee.  This committee will:

      a.  Conduct an evaluation of each identified inmate.

      b.  Develop an individualized treatment plan for each identified inmate.

      c.  The treatment plan will address medical, mental health, and personal adjustment needs.

E.  Sexual reassignment treatment:

   1.  No surgical procedures for the purpose of sexual reassignment will be provided to any inmate incarcerated in the ADOC.

2 of 3

AR 637 – November 16, 2005

2. Treatment with hormonal medications for the purpose of sexual reassignment treatment will not be initiated while incarcerated in the ADOC.

3. An inmate receiving hormonal medications as part of an established sexual reassignment treatment regimen under the supervision of a medical doctor at the time of incarceration will be allowed to continue hormonal medications.

4. Prior sexual reassignment treatment must be verified through the request of medical records.

F. Statistical data gathered concerning inmates identified with a Gender Identity Disorder will be recorded on ADOC Form MH-015, *Psychological Evaluation* or ADOC Form MH-014, *Psychological Evaluation Update,* for monthly reporting to the ADOC Director of Treatment.

## VI. **DISPOSITION**

Refer to AR 601, *Mental Health Forms and Disposition.*

## VII. **FORMS**

Refer to AR 601, *Mental Health Forms and Disposition*, for any form(s) used in this regulation.

## VIII. **SUPERCEDES**

This regulation being a new regulation does not supercede any other regulation at this time.

## IX. **PERFORMANCE** This AR is published under the authority of:

A. National Commission of Correctional Health Care: Standards for Health Services in Prisons 2003. (P-A-09).

B. Department of Mental Health and Mental Retardation Statutory Authority: The Code of Alabama, 1975, Section 22-50-11.

C. Health Insurance Portability and Accountability Act of 1996 (HIPAA).


_____
Donal Campbell, Commissioner

3 of 3

AR 637 – November 16, 2005

EXHIBIT E



**Johnson, Renaul**
Menest
**1.25MG / Tab**

ID#:166237                **1464**

Prescriber: Barnes, Robert

A467 - Fountain Correctional Facility - Population **Keep On Person**
Take 1 tablet(s) by mouth Three
Times Daily

**251560485**

Fill: 6/15/2006
Stop: 9/23/2006
Start: 5/27/2006
NFA thru:
RPh:

QTY:  **30**  of 90

2 of 3    **FR13C10**

Secure Pharmacy + — 1.800.653.2510 — DE#RS0577079
818 Mary Lindsay Polk Dr. Suite 516 Franklin, TN 37067
CAUTION: Federal law prohibits transfer of this drug to
any person other than the patient for whom prescribed

IN   DISCIPLINARY PROGRESS

EXHIBIT F

| DATE | TIME | NOTES |
|------|------|-------|
| 2/4/05 | 874 | (C) *(illegible)* reports depression *(illegible)* stress level = so so *(illegible)* coding about getting med as prescribed. *(illegible)* in self *(illegible)* (O) — 7650 above 6.A., B, C, OX4 — depression *(illegible)* (A) stable on count med, see *(illegible)* |
| 2/7/05 | | S Pt. seen monthly contact Ø reported s/s of dep. reported being anxious while in self-concept class. "I want to be dropped from the class." Pt. states the reason for anxiety *(illegible)* peers unable to *(illegible)* same level *(illegible)* S feels not being of the *(illegible)* similar intelligence. O 36 Y/O BM alert, orientated Rational A stable P see *(illegible)* for monthly contact — Lonnie Richardson, MS, MH *(illegible)* |
| 2/_/05 | | S *(illegible handwritten paragraphs)* O *(illegible) appearance. *(illegible)* coherent *(illegible)* Affect *(illegible)* normal limits *(illegible)* being depressed. [*(illegible)* rating is a 6-7 on anxiety scale 1-10] |

CONFIDENTIAL MEDICAL RECORDS

| Patient's Name, (Last, First, Middle) | AIS# | Age | R/S | Facility |
|---|---|---|---|---|
| Johnson, Renard | 166237 | 36 | B/M | FCC |

F-61

## INTERDISCIPLINARY PROGRESS NOTES

| DATE | TIME | NOTES | SIGNATURE |
|------|------|-------|-----------|
| 2-16-05 | | *[handwritten clinical note]* | |

S- Functioning as a "heterosexual female" in the free world and in new program with making adjustments in prison. Sees recovery adjustment as being extremely important remedies. Seeks accommodations of *[illegible]* in both healthcare and *[illegible]*.

A- Complex adjustment related stressors with secondary hormonal changes (*[illegible]*). Resultant increase in depression of a moderate extent. Negative for imminent suicide risk. *[illegible]* sees his situation as short term.

P- Continue to treat for depression.
- Monitor symptoms for frequency and intensity.
- Provide supportive follow-ups. Life issues *[illegible]* on true & evident positive affect on dysphoria.

W. Woosley, M.D.

CONFIDENTIAL MEDICAL RECORDS

| Patient's Name, (Last, First, Middle) | AIS# | Age | R/S | Facility |
|---|---|---|---|---|
| Johnson, Renard | 166237 | 36 | B/M | FCC |

F-61

## INTERDISCIPLINARY PROGRESS NOTES

| DATE | TIME | NOTES | SIGNATURE |
|------|------|-------|-----------|
| 1-13-05 | | Continued Inmate stated Dr. Prince prescribed medication to increase alertness and since he has been incarcerated and off meds, he's having difficulty maintaining. | |
| | | O: 36 y/r old B/m, alert & irritable however, relaxed as session continued | |
| | | A: Overwhelmed | |
| | | P: See in 4 wks or as needed. F/u w/ nurse/medical to assess sleep D/o | Dr. Brown, Ph.D. |
| 1-28-05 | 1540 | Inmate seen in office | |
| | | S: "I'd like it moved to AM. I was supposed to take it in AM, but missed. That's a I had diabetic finger sticks, so I wanted it @ PM But now that I have to get up & get finger sticks @ 3A I'll get my meds then, too." | |
| | | O: A, A, O. Denies SI, HI, hallu. SF MAR shows many blanks for med admin. Reports heard Dr Brown wrote note to HSA re hormone therapy; upset at feeling he's getting "run around" about getting Premarin therapy. Reviewed request via form A for Prozac & Wellbutrin. | |
| | | A: Gender identity %, depression, anxiety. | |
| | | P: Continue Prozac 40mg & Wellbutrin 150, but %c HS & move to AM. RTC 2-3 mos. | Dr Earnshaw MD |

| Patient's Name, (Last, First, Middle) | AIS# | Age | R/S | Facility |
|------|------|-----|-----|----------|
| Johnson, Renaul | 166237 | 36 | B/m | FCC |

F-61

CONFIDENTIAL MEDICAL RECORDS

# ALABAMA DEPARTMENT OF CORRECTIONS
## MENTAL HEALTH SERVICES
## PSYCHIATRIC EVALUATION
### PAGE 1

CONFIDENTIAL MEDICAL RECORD

**Referred by:**

☒ Admission to Institution  ☐ Mental Health Staff  ☐ Medical Staff  ☐ Other _____

---

**Reason for Referral (Presenting Problem):** Mood swings 2° missing Premarin.
Prozac 20 q day    "If I can't get Premarin, I'll
Wellbutrin 75 BID    have to come off antidepressants"

---

**Psychiatric History (inpatient/outpatient/medications prescribed):**
36 yo BM.  Θ 4 hosps.  12 yo 4MD - Gender dysphoria.
Dothan 4MD.

Effexor

FH: 4MD    ⊕ hx paranoid schiz.    sister "nervous breakdown
  mom's bro hosp    last Jan.
  mom    first suicide attempt
  needs to be    MVA
  (sis trying to
  commit mom).

---

**Pertinent Medical History:** Pyridium ⇒ allergic rash.
4 mos ā scheduled gender reassignment surg.
Premarin    needs antiHTN c̄ Effexor.

---

**Substance Abuse History:** (would have been teen suicide s̄)
Denies.    MJ as teen.

---

**Pertinent Personal/Family History (inmate's sentence):** 3rd incarceration.
50 yrs  (earliest. 9/21/53) legal conspiracy - Montel & Oprah
Out of system 7 yrs.    waiting for papers.
Dothan    Mom (some issues now supportive), sister.
military parents.    4 kids 19, 15 ♀, 6, 3
  bro's big kids ♀ ♂    ♂ ♂
  (adopted).    Grad HS

---

**Institutional Adjustment (current placement):** Fountain x 2 wks,  Kilby x 2 wks.
County x 8 mos.

---

| Inmate Name | AIS # |
|---|---|
| Johnson Renard | 166237 |

ALDOC Form 449-05 (Page 1 of 2)

# INTERDISCIPLINARY PROGRESS NOTES

CONFIDENTIAL MEDICAL RECORDS

| DATE | TIME | NOTES | SIGNATURE |
|------|------|-------|-----------|
| 12-2-04 | | S: Pt is for MH intake today. Pt came from Kilby CC on 11/30/04 to FCC. Pt denies thoughts to harm self or others. Pt reports a hx of Gender ID, depression and anxiety. Pt states he takes psychotropic meds. He reported using Tenormin, Effexor and Prozac. Pt reported currently takes Wellbutrin + Prozac. Stated he was prescribed Vistaril for sleep. However, discontinued due to sleepiness in AM. O: 36 y.o. old. Well groomed, oriented, communicates well. A: Hx of depression & anxiety. Gender ID. P: See in 4wks & as needed. See psychiatrist for further assessing. | Dr. Brown Ph.D. |
| 12-3-04 | 0740 | See Psych Eval. | D. Earnshaw MD |

THE POTENTIAL BENEFITS AND SIDE-EFFECTS OF *Prozac* WITHIN THE DOSAGE RANGE OF 20 to 40/day HAVE BEEN DISCUSSED WITH THE INMATE AND THE INMATE HAS AGREED TO ACCEPT THE MEDICATION

Re'Naul Johnson
(Ariel A. Adla)

THE POTENTIAL BENEFITS AND SIDE EFFECTS OF *Wellbutrin* WITHIN THE DOSAGE RANGE OF 50 to 300/day HAVE BEEN DISCUSSED WITH THE INMATE AND THE INMATE HAS AGREED TO ACCEPT THE MEDICATION.

Re'Naul Johnson
(Ariel A. Adla)

| Patient's Name, (Last, First, Middle) | AIS# | Age | R/S | Facility |
|---|---|---|---|---|
| Johnson, Renaul | 166237 | 36 | B/m | FCC |

F-61

## INTERDISCIPLINARY PROGRESS NOTES

| DATE | TIME | NOTES | SIGNATURE |
|------|------|-------|-----------|
| 12-29-04 | | S: Sub. seen in office for monthly contact " I am having a bad day". Ref to environment time to serve and circumstances pertaining to hormone treatment. Pt. crying at beginning of contact, contained emotions as session continued. Voiced interest in MH group (self-concept), Ø SI or HI. Reports meds are helpful in s/s of depression & anxiety but mood swings had ↑ states that hormones may b a contributing factor. Ø Hallucinations Vor A. reported | |
| | | O: 36 y/o B/m emotional (crying) initially relaxed as session continued. Ø x4 rational | |
| | | A: Overwhelmed | |
| | | P: ① Enroll in self concept group. ② see monthly or as needed | L. Richardson MS, MHP |
| 1-13-05 | | S: Inmate seen today to discuss clinical treatment plan goals and objective. Inmate in agreement w/ plan. Signature was obtained. Inmate complained about not receiving "Hormone treatment." He stated he also continue to have difficulty staying up during the AM. Inmate reported that he had been taking medication to help him stay awake during the day. Inmate provided a name "Dr. Allen Pinckey Dothan Alabama" a Neurologist. He stated his records were under the name "Ariel Adda" | Confirmed |

CONFIDENTIAL MEDICAL RECORDS

| Patient's Name, (Last, First, Middle) | AIS# | Age | R/S | Facility |
|---------------------------------------|------|-----|-----|----------|
| Johnson, Renaul | 166237 | 36 | B/m | FCR |

F-61

EXHIBIT G

**HS**
PRISON
HEALTH
SERVICES,
INCORPORATED

## EMERGENCY

| ADMISSION DATE 2/10/05 | TIME 04:4 ☑AM ☐PM | ORIGINATING FACILITY FCC ☐ SIR ☐ PDL ☐ ESCAPEE | ☐ SICK CALL ☐ EMERGENCY ☐ OUTPATIENT |
|---|---|---|---|

| ALLERGIES Pyridium | CONDITION ON ADMISSION ☐ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA |
|---|---|

FOR PROFESSIONAL USE ONLY
CONFIDENTIAL RECORD
NOT TO BE PHOTO COPIED

| VITAL SIGNS: TEMP SAT 98 | P 97's weight 247 | ORAL RECTAL | RESP. 18 | B/P 128/78 | RECHECK IF SYSTOLIC <100> 50 |
|---|---|---|---|---|---|

| NATURE OF INJURY OR ILLNESS | ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE Z Z | LACERATION / _____ SUTURES |
|---|---|---|---|---|---|

S "I just fainted I am okay"



PROFILE RIGHT OR LEFT

RIGHT OR LEFT

**PHYSICAL EXAMINATION**

O - Inmate to HCU - C/O fainting
from come out of kitchen area
C/O dizzy - Denies any problem
vision - Alert Oriented X3
Normal assessment NO S O B
Observe. NO bruises Noted -

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| P- MD to Review | | |
| 2-10-05 Reviewed + OK | | |
| (just drone for present) | | |
| Pat J R md | | |

A- Alt in Health maintance

**DIAGNOSIS**

**INSTRUCTIONS TO PATIENT**
E. Return to HCU if any changes

| DISCHARGE DATE / | TIME AM PM | RELEASE / TRANSFERRED TO ☐ DOC ☐ AMBULANCE | CONDITION ON DISCHARGE ☐ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |
|---|---|---|---|

| NURSE'S SIGNATURE S Dailey RN | DATE | PHYSICIAN'S SIGNATURE Pat J R md | DATE 2-10-05 | CONSULTATION |
|---|---|---|---|---|

| INMATE NAME (LAST, FIRST, MIDDLE) Johnson Renaul | DOC# 166337 | DOB 4/14/68 | R/S Bm | FAC. Fcc |
|---|---|---|---|---|

**PHS**

## Nursing Evaluation Tool:                    <u>General Sick Call</u>

Facility: Alabama Department of Corrections

Patient Name: _Johnson, Renaul_
                        Last                                                        First

Inmate Number: _166237_          Date of Birth: _04_ / _14_ / _1966_
                                                              MM      DD      YYYY

Date of Report: _2_ / _16_ / _2006_          Time Seen: _2130_   AM /**PM** Circle One
                  MM    DD    YYYY

<u>Subjective:</u> Chief Complaint(s): _DOC advised me to do a sick call request to continue_
                Onset: _my hormone therapy_

Brief History: _Hormone therapy_
(Continue on back if necessary)

_____

_____

☐ Check Here if additional notes on back

<u>Objective:</u> Vital Signs: (As Indicated) T: _99.0_  P: _103_  RR: _20_  B/P: _110_ / _77_   O2 _93%_
                                                                                                                         w/t 280

Examination Findings: _On going conflict ē medical pertain to hormone therapy_
(Continue on back if necessary)

_____

_____

_____

☐ Check Here if additional notes on back

<u>Assessment:</u> (Referral Status)     Preliminary Determination(s): _N/A_

☐ Referral <u>NOT REQUIRED</u>

☑ Referral <u>REQUIRED</u> due to the following: (Check all that apply)
        ☐ Recurrent Complaint (More than 2 visits for the same complaint)
        ☑ Other: _Stated advised by DOC_

                                                        _MD appt 8/11/06_ Rescheduled for 8/31/06
                                                                            _Due to bad/seg escort_
**Comment:** You should contact a physician and/or a nursing supervisor if you have any concerns about the status of the patient or are unsure of
the appropriate care to be given.                                    _Cleg appt clarp. Confront_

<u>Plan:</u> Check All That Apply:
        ☐ Instructions to return if condition worsens.
        ☐ Education: The patient demonstrates an understanding of the nature of their medical condition and instructions regarding what they
            should do as well as appropriate follow-up. ☐ YES  ☐ NO (If NO then schedule patient for appropriate follow-up visits)
        ☐ Other: _____
                    (Describe)
OTC Medications given ☑ NO  ☐ YES (If Yes List): _____

Referral: ☐ NO ☑ YES (If Yes, Whom/Where): _Doctor Barnes_          Date for referral: __ / __ / __
                                                                                                              MM  DD  YYYY
Referral Type: ☑ Routine  ☐ Urgent  ☐ Emergent  (if emergent who was contacted?): _____  Time _____

X _Scott CRN_                    Name: _S Gaillard CRN_    _2/16/2006_
        Nurses Signature                          Printed



### Nursing Evaluation Tool:

General Sick Call

FOR PROFESSIONAL USE ONLY
CONFIDENTIAL RECORD
NOT TO BE PHOTO COPIED

Facility: Fountain Correctional Facility

Patient Name: _Johnson_          _Renau_
            Last                First

Inmate Number: _166239_          Date of Birth: _4_ / _14_ / _68_
                                              MM    DD    YYYY

Date of Report: _11_ / _21_ / _05_     Time Seen: _1125_  AM / PM  Circle One
              MM    DD    YYYY

**Subjective:** Chief Complaint(s): _Lymph Nodes are swollen, I've been nausea and vomiting_

Onset: _Since last night._

Brief History: _Complaints of Nausea and Vomiting_
(Continue on back if necessary)

☐ Check Here if additional notes on back

**Objective:** Vital Signs: (As Indicated) T: _98.5_  P: _99_  RR: _18_  B/P: _108_ / _70_

Examination Findings: _Razor bumps on face_
(Continue on back if necessary)

☐ Check Here if additional notes on back

**Assessment: (Referral Status)**  Preliminary Determination(s): _____

☑ Referral NOT REQUIRED

☐ Referral REQUIRED due to the following: (Check all that apply)
  ☐ Recurrent Complaint (More than 2 visits for the same complaint)
  ☐ Other: _____

**Comment:** You should contact a physician and/or a nursing supervisor if you have any concerns about the status of the patient or are unsure of the appropriate care to be given.

**Plan:** Check All That Apply:
☑ Instructions to return if condition worsens.
☑ Education: The patient demonstrates an understanding of the nature of their medical condition and instructions regarding what they should do as well as appropriate follow-up. ☐ YES ☐ NO (If NO then schedule patient for appropriate follow-up visits)
☑ Other: _Benzoil Peroxide_
          (Describe)

OTC Medications given ☐ NO ☐ YES (If Yes List): _____

Referral: ☑ NO ☐ YES (If Yes, Whom/Where): _____     Date for referral: __ / __ / __
                                                                                MM   DD   YYYY
                                                                                    Time
Referral Type: ☐ Routine ☐ Urgent ☐ Emergent (if emergent who was contacted?): _____

_R. Owen LPN_                    _R. Owens_



PHS
PRISON
HEALTH
SERVICES
INCORPORATED

# EMERGENCY

FOR PROFESSIONAL USE ONLY
CONFIDENTIAL
NOT TO BE PHOTO COPIED

| ADMISSION DATE | TIME | ORIGINATING FACILITY | |
|---|---|---|---|
| 7/17/05 | 1650 AM (PM) | ☐ SIR ☐ PDL ☐ ESCAPEE ☐ _7cc_ | ☐ SICK CALL ☐ EMERGENCY ☐ OUTPATIENT |

| ALLERGIES Pepicidium | CONDITION ON ADMISSION |
|---|---|
| | ☐ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA |

VITAL SIGNS: TEMP 989 ☐ ORAL / RECTAL   RESP. 18   PULSE 99   B/P 120/70   RECHECK IF SYSTOLIC <100> 50 _____

Wt. 209   O2 SAT 95 %

NATURE OF INJURY OR ILLNESS

| ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE Z | LACERATION / _____ SUTURES |
|---|---|---|---|---|

S- I'm dizzy, been throwing up, and a headache since this afternoon on + off. I've thrown up about 3 x today and I have diarreah

O- BM assisted to HU per COI Murphy. C/o of dizzyness, feeling like he is going to pass out. Symptoms started today, unable to hold anything on stomach.

PHYSICAL EXAMINATION

anything on stomach.

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

A- Rts in comfort

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| ① Maalox 30 mL BID x 2 days | | |
| 7-18-05 Received | | |
| +OK - Rt PRN. | | |
| Rut J B MD | | |

P- MD

DIAGNOSIS

INSTRUCTIONS TO PATIENT

| DISCHARGE DATE | TIME | RELEASE / TRANSFERRED TO | CONDITION ON DISCHARGE | |
|---|---|---|---|---|
| 7/17/05 | AM PM | ☐ DOC ☐ AMBULANCE ☐ | ☐ SATISFACTORY ☐ FAIR | ☐ POOR ☐ CRITICAL |

| NURSE'S SIGNATURE | DATE | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|
| S. Graham LPN | 7/17/05 | Rut J B MD | 7-18-05 | |

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | R/S | FAC. |
|---|---|---|---|---|
| Johnson, Renauel | 116237 | 4/14/80 | BM | 7cc |

CONFIDENTIAL RECORD
NOT TO BE PHOTO COPIED

**PHS**
PRISON HEALTH SERVICES INCORPORATED

# EMERGENCY

ADMISSION DATE: 5/12/05  TIME: 2:40 PM  ORIGINATING FACILITY: FCC  FOR: ☐ SICK CALL ☐ EMERGENCY ☐ UOUTPATIENT
☐ SIR ☐ PDL ☐ ESCAPEE

ALLERGIES: PYRIDIUM

CONDITION ON ADMISSION: ☑ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA

VITAL SIGNS: TEMP 99.2  RESP 20  PULSE 88  B/P 128/86  RECHECK IF SYSTOLIC <100> 50

NATURE OF INJURY OR ILLNESS

S- EVERY since I've been OFF my PREMARIN I've been having hot flashes and I'm having them bad today. I was taking Premarin 1.25mg TID But I've been off them now for 4 months

O- To Clinic c/o having hot flashes skin warm

PHYSICAL EXAMINATION
and moist

A- Alt in comfort

P- Chart before M.D for Review and orders

| ABRASION /// | CONTUSION # | BURN xx | FRACTURE Z | LACERATION / SUTURES |
|---|---|---|---|---|

ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY
NO NEW ORDERS

DIAGNOSIS: REPORT OF SYMPTOMS

INSTRUCTIONS TO PATIENT

DISCHARGE DATE: 5/12/05  TIME: 08:00 PM  RELEASE / TRANSFERRED TO: ☐ DOC ☐ AMBULENCE  CONDITION ON DISCHARGE: ☑ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL

NURSE'S SIGNATURE: D Bullendian  DATE 5/12/05  PHYSICIAN'S SIGNATURE  DATE  CONSULTATION

INMATE NAME (LAST, FIRST): | DOC# | DOB | R/S | FAC



**PRISON HEALTH SERVICES INCORPORATED**

# EMERGENCY

| ADMISSION DATE | TIME | ORIGINATING FACILITY | □ SICK CALL □ EMERGENCY |
|---|---|---|---|
| 4/7/05 | 0400 AM/PM | □ SIR □ PDL □ ESCAPEE _____ | □ OUTPATIENT |

ALLERGIES: *Pyridium*

CONDITION ON ADMISSION
□ GOOD ☑ FAIR □ POOR □ SHOCK □ HEMORRHAGE □ COMA

SIGN PROFESSIONAL USE ONLY
CONFIDENTIAL RECORD
TO BE PHOTO COPIED

VITAL SIGNS: TEMP 98.9 ORAL/RECTAL   RESP. 20   PULSE 105   BP 141/92   CHECK IF SYSTOLIC <100> 50   1

| NATURE OF INJURY OR ILLNESS | ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE Z Z | LACERATION / SUTURES |
|---|---|---|---|---|---|

S- "I'm dizzy"

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

PHYSICAL EXAMINATION

O- pt. fell to the floor in lobby area, then again in the HCU hall, c/o chest pain, headache, + backache

A- Alt. in comfort

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| P - Dr. Barnes notified, Indocin 50 mg PRN x 10 days 600 mg of Guaifenesin, + ꞧ 325mg of Tylenol, & 60 mg of Sudafed x 3 days per Dr. Barnes, 1st dose given -J. Harris, LPN | | |

DIAGNOSIS    4-7-05 Reviewed Plint J. Barnes M.D.

INSTRUCTIONS TO PATIENT
Return to HCU if problems persist or worsen

| DISCHARGE DATE | TIME | RELEASE / TRANSFERRED TO | CONDITION ON DISCHARGE |
|---|---|---|---|
| 4/7/05 04 | AM/PM | ☑ DOC □ AMBULANCE | ☑ SATISFACTORY □ POOR □ FAIR □ CRITICAL |

| NURSE'S SIGNATURE | DATE | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|
| J. Harris LPN | 4-7-05 | Plint J. Barnes MD | 4-7-05 | |

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | R/S | FAC. |
|---|---|---|---|---|
| Johnson, Renaud | 166231 | 4-14-68 | B/M | FCC |

**MHM Correctional Services, Inc.**

CONFIDENTIAL MEDICAL RECORDS

## PHYSICIANS' ORDERS

NAME:

D.O.B.: / /

ALLERGIES:

Use Last Date: / /

DIAGNOSIS (If Chg'd)

❑ GENERIC SUBSTITUTION IS NOT PERMITTED

---

NAME:

D.O.B.: / /

ALLERGIES:

Use Fourth Date: / /

DIAGNOSIS (If Chg'd)

❑ GENERIC SUBSTITUTION IS NOT PERMITTED

---

NAME:

D.O.B.: / /

ALLERGIES:

Use Third Date: / /

DIAGNOSIS (If Chg'd)

❑ GENERIC SUBSTITUTION IS NOT PERMITTED

---

NAME: Johnson, Remal #166237

D.O.B.: 4 / 14 / 68

ALLERGIES: Pyridium

SD-12

Use Second Date: 10 / 27 / 04

DIAGNOSIS (If Chg'd)

Vistaril 50mg po BID x 90d

Noted by [signature]

Joseph McGinnis [signature]

❑ GENERIC SUBSTITUTION IS NOT PERMITTED

---

NAME: Johnson, Remal #166237

D.O.B.: 4 / 14 / 68

ALLERGIES: Pyridium

SD-12

Use First Date: 10 / 25 / 04

DIAGNOSIS Depression NOS

Noted by [signature]

① Prozac 20mg po q am

② Wellbutrin 75mg po q am and 75mg po q 5pm x 90 d.

Joseph McGinnis [signature]

❑ GENERIC SUBSTITUTION IS NOT PERMITTED

**WHITE** – MEDICAL RECORDS COPY **CANARY** – PHARMACY COPY

**PHS**

PRISON
HEALTH
SERVICES
INCORPORATED

EXHIBIT H

MEDICAL RECORDS

## PROGRESS NOTES

| Date/Time | Inmate's Name: JOHNSON, RENALL | D.O.B.: 4/14/68 |
|-----------|--------------------------------|-----------------|

11/23/04  Wt 270# TEMP 99.1  P 106  R 97°  BP Accuch RBS @ 129
S/ I have a bad ear ache, need my profile
reviewed, eyes & bottom (illegible); I need my meds
O/ EAR (L) tm & canal red ~ ? yeast; (R canal);
nose WNL, throat red ~ peppermint. NECK —
nodes. A/ (L) EAR INFLAMMATION c CPS
PENDING (2) ELEVATED RBS X (3) HTN 4) ASTHMA
5) PSYCH HX P/ see orders _____ CRNP

11/24/04  O/ per order of 11/23/04 — MED RECORDS called
for volumes 1, 2, 3 are 2000, 2001 & 2002
from Kilby & were informed that these
volumes are not ever or avail — are _____
old storage & control _____ (R) P —

12/10/04  O/ see labs; P/ see orders _____ (R) P
— other volumes, check ear; @ UTI; results _____

12/21/04  wt: 276       68 - 20 -          C. Cooks, ___
Also vision referral; I need to wear contacts
cause of weird prescription - ✓ RBS X 3
this month @ 159, 179 & 181; UA NEG Today
EARS — infection resolved; Breast exam gyneco
mastia judgment ~ Premarin therapy in
free world preparing for gender change
surgery; no masses or dimpling; ✓
vascular changes, NECK — supple, nodes
no JVD — bruit HEART S1 S2 RRR lungs CTA

| Date/Time | Inmate's Name: JOHNSON RENAUL | D.O.B.: 4/14/68 |
|---|---|---|

12/21/04 — Abd neg PLEASE WNL A/ 1) NEW Rx 2) Profile REQUEST P) see orders _jordan_ (R) P

12/22/04 — verbal report obtained from medical records personnel with info that old volume records are typed & stored & would just not be available. _jordan_ (R) P

01/03/05 — S/ see 15 @ 12/21/04 P) see orders _jordan_ R

1/21/05 — O) (chart REVIEW) — HgbA1c was WNL @ 5.4% on 12/23/04; pt is 270# & definitely @ risk for diabetes; he may have had dietary indexcr @ time of RBS elevation @ 129 on 11/20/04; this probably not an error in glucose intolerance P) 1) DC diabetic diet 2) continue 1 set of bid accu (is 2X wk) 3) DC Diabetic chronic care & 4) R/S pt to inform _jordan_ (R) P

SUCHICHE RECORD RECORD

PSYCHOLOGICAL INTERVIEW/DATA ENTRY FORM
Page 2

Name: _Johnson, Renaul_

III.  **Substance Abuse (continued)**
_____  c.  Current use     _Denies_

_____  d.  Current addiction     _Denies_

**CONFIDENTIAL MEDICAL RECORDS**

Other* (Specify):    1.____ 2.____ 3.____ 4.____ 5.____ 6.____ 7.____ 8.____

IV.  **Emotional Status**
_____  a.  No significant problems
___b.  Depressed     _Reactive to "gender disorder"_
                                _r/c "psychotropics"_
_____  c.  Anxious or stressful

_____  d.  Angry or resentful

_____  e.  Confusion or psychotic symptoms

_____  f.  Mood disturbances

___g.  Sexual maladjustment     _homosexual / cross dresser_

              History of sex offenses?     Yes   ~~No~~
_____  h.  Paranoid ideation

_____  i.  Sleep/appetite disorder

Other* (Specify):    1.___ 2.___ 3.___ 4.___ 5.___ 6.___ 7.___ 8.___ 9.___
          (See Copy)

Emotional response to incarceration:     _"Okay"_

V.  **Mental Deficiency**
_____  a.  Mild                        _____  d.  Borderline
_____  b.  Moderate                    _____  e.  Organic impairment suspected
_____  c.  Severe                      _____  f.  Memory deficit

Remarks: _____

          History of cerebral trauma or seizures?     Yes   ~~No~~

* See manual for selections and numbers for "other"

CONFIDENTIAL MEDICAL RECORDS

**ALABAMA DEPARTMENT OF CORRECTIONS**
**MENTAL HEALTH SERVICES**
**TREATMENT PLAN: OUTPATIENT CARE**

Treatment Plan Initiated On: 12-30-04   Treatment Coordinator: Dr. Brown / Mr. Richardson

Inmate's Housing Location: Population   Institution: FCC

DSM IV Diagnosis:
Axis I: Gender Identity D/O ; Depression, Anxiety
Axis II: Mixed
Axis III: PUD, Asthma (HTN from Effexor)
Axis IV: Incarceration, GID
Axis V: 75/75

| Problem #1 | Stress and Anger |
|---|---|
| Goal: | Pt will learn coping methods to eliminate stress & anger. |
| Target Date for Resolution: | |
| Intervention: | Pt will participate in Self Concept group weekly. Pt will take prescribed medication daily. |
| Staff Member Responsible: MH Staff | Frequency: 30/90 |

| Problem #2 | |
|---|---|
| Goal: | |
| Target Date for Resolution: | |
| Intervention: | |
| Staff Member Responsible: | Frequency: |

| Problem #3 | |
|---|---|
| Goal: | |
| Target Date for Resolution: | |
| Intervention: | |
| Staff Member Responsible: | Frequency: |

Second Page attached?   Yes ☐   No ☐

**Treatment Team Members**

| | | |
|---|---|---|
| Psychiatrist: R. Earnshaw MD | Date: 1-7-05 | |
| Mental Health Nurse: S. Stafford, RN | Date: 1-7-05 | |
| Treatment Coordinator: Dr. Brown / MH Staff | Date: 12-30-04 | |
| Inmate Agreement: Aril Adla (Renant John) | Date: 01-13-05 | |
| Treatment Plan Review by: | (within six months) | |

| Inmate Name | AIS # |
|---|---|
| Johnson, Renant | 166237 |

ALDOC Form 462-01

AR462– October 5, 2001

704

| | STOP DATE | HOUR | 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 |
|---|---|---|---|
| Prozac 20mg one po q pm 10/3/03 | cont | 4p.m | |
| Albuterol inhaler 2 puffs q6h prn 11/24/03 Chart and Cs when given | cont | | |
| Mazxide 37.5/25mg po qd 12/18/03 | cont. | 4p.m / 5a.m | |
| Zantac 300mg po bid 2/27/04 | cont. | 4p.m | |
| Liquid Antacid, 1 oz. tid PRN, may have one bottle q 12 days 3/23/04 Chart & CS when given | cont. | | |
| Vistaril 50 mg po bid x 30 days 8/11/04 | 9/12/04 | 5a.m / 8 p.m.. | |
| Amoxil 500mg po tid x 10 day 9/30 | 10/9 | 6am noon 7pm | |
| Ultram 100mg po tid x 10 day 9/30 | 10/9 | 6am noon 7pm | |

| ALLERGY | Pyridium | | | NURSE'S SIGNATURE | INITIAL | NURSE'S SIGNATURE | INITIAL |
|---|---|---|---|---|---|---|---|
| DIAGNOSIS | Gender Change, depression, HTN, COPD, anxiety | | | | | | |
| PHYSICIAN NAME | D. Speigner CRNP | | PHYSICIAN PHONE NO. | | | | |
| FACILITY NAME | Houston County Jail | SECTION | I | ROOM NO. | | | |
| PATIENT NAME | Johnson, Renaul | | PATIENT NO. | 34005 | | | |

PHARMACY SUGGESTIONS/RECOMMENDATIONS DO NOT SUPERCEDE PHYSICIAN ORDERS

# PROBLEM LIST

Name: _Johnson, Renaul_

AIS# _1606237_

Date of Birth: _4/14/68_

**CONFIDENTIAL MEDICAL RECORDS**

Medication Allergies: _Pyridium_

Mental Health Code: SMI HARM HIST NONE   Date Code Assigned: _10/25/04_
(Changes in Mental Health Code should be identified on the Problem List)

| Date Identified | Chronic (Long-Term) Problems<br>Roman Numerals for Medical/Surgical<br>Capital Letters for Psychiatric/Behavioral | Date Resolved | Health Care Practitioner Initial |
|---|---|---|---|
| 10/25/04 | Depression NOS | | (illegible) |
| 10/25/04 | Gender Identity Disorder NOS | | " |
| 10/25/04 | Asthma | | |
| 10/25/04 | Hx Peptic Ulcer | | (illegible) |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

CONFIDENTIAL MEDICAL RECORDS

# HOUSTON COUNTY JAIL
# HEALTH INFORMATION TRANSFER SUMMARY

901 EAST MAIN STREET
DOTHAN, ALABAMA 36301

PH(334) 712-0762
FAX(334) 671-9482

Confidential and Privileged Information

For Professional Use Only

Date: _10/31/04_

Name: _Johnson Renaul_            Race: _B_
D. O. B.: _4-14-66_               Sex: _M_
Transferring To: _Kilby_
                    (Agency)

Medical/Dental/Psychiatric Problems: _gender d, depression,_
_HTN, COPD, anxiety_
Allergies: _Pyridium_
Current Medication: ___ No  _✓_ Yes    (If Yes, complete the following:)

           (Drug/Dosage)                        (Reason)
                    _See MAR_

Tested/Treated for STD: _Ø_
                    (Type)          (Date)         (Treatment)

Last Physical Exam: _Ø_           Last PPD: _____
                    (Date)                   (Date/Results)

                    Treatment: _____
                              (Date Started/Stopped)

Special Diet? ___ No  _✓_ Yes    (Describe) _↓ fat, ↓ salt_
Hospitalized within past year?: _✓_ No ___ Yes
Reason: ___ Physical Problem ___ Mental Problem
If yes, date of last hospitalization: _____
Psychotropic Medication Within Past Year? _✓_ No ___ Yes
Self Injurious or Suicidal Behavior Within Past Year?: _____
If Yes, _____
Dates: _____
Currently on Suicide Watch/Precautions?: _✓_ No ___ Yes

_W Hathaway_

CONFIDENTIAL MEDICAL RECORD

ALABAMA DEPARTMENT OF CORRECTIONS
MENTAL HEALTH SERVICES

## PSYCHIATRIC EVALUATION FORM
Page 2 of 2

**Mental Status Examination:**

**Appearance and Behavior:** _WD, med built AA♂ ♂__ ___

**Mood and Affect:** _sl. dysphoric_

**Speech and Language:** _w̄ c̄ effem. inflection, though not dramatically so._

**Thought Process:** _goal directed_

**Thought Content and Perceptions:** _⊖AH ⊕ blue ⊖ delus ⊖S/H ⊖statis_

**Cognitive Assessment/Memory:** _no faulty unfirly sensors, discrim ated, etc._

**Insight/Judgement:** _fair_

**Sleep/Appetite:** _fair_

**Suicide/Violence Risk Assessment:**

**Past Suicidal Ideation/Attempts (dates and methods):** _15 yrs ago — MA no plan_

**Current Suicidal Ideation and Behavior:** _denies_

**Past Violent/Assaultive Behavior:** _Assault and "I slapped a teacher"_

**Current Violent/Assaultive Ideas/Behavior:** _denies_

**Diagnostic Impression**

**Axis I:** _① Depressn NOS, Gender Identity Disorder NOS_

**Axis II:** _PD NOS_

**Axis III:** _Arthritis, PUD & (Premarin Tx for Gender ID. issues)_

**Axis IV:** _Incarcertin_

**Axis V:** _60_

**Treatment Recommendations (including medications/labs ordered/special housing)**
_① Prozac 20 pog AM, Wellbutrin 75 po ___ 25 & 5pm
② Explnt MH Ellg re Depress Tx, Tx for Gender ID issues, not specially available in DOC/MHM, Tx for Gender ID issues, not specially available in DOC/MHM (Therapy recc Bullock/Donaldsn_

**Mental Health Code:** (SMI)  HARM   HIST   NONE

**Psychiatric Follow-Up Required Within:** _14-30_ Days

MH Correctional Services

**Psychiatric Signature** _Robert McGinn_          _10/25/04_
                                                        **Date**

| Inmate Name: _Johnson, Remol_ | AIS # _166287_ |

ALDOC Form 455-01

AR 455 – February 27, 2002

CONFIDENTIAL MEDICAL RECORDS

ALABAMA DEPARTMENT OF CORRECTIONS
MENTAL HEALTH SERVICES

PSYCHIATRIC EVALUATION FORM
Page 1 of 2                                    4/14/68

Referred by:
☐ Admission to Institution   ☐ Mental Health Staff   ☐ Medical Staff   ☐ Other _____

Reason for Referral (Presenting Problem):

Prozac 2y                           with Pravis
                                    Effexor 75 BID.

Psychiatric History (inpatient/outpatient/dates of treatment/medications prescribed):

36 y.o. AAO involved in lawsuit for "gender dysphoria"
convicted of Assault 2nd & 50yr sent for stabbing a teacher in Dothan.
He considers himself a medical case of sorts that has contacted the ACLU
and the Oprah Show re his situation Asking if he can get specific
to her "Gender dysphoria" Endocrine depression or an Atypical "variety

Pertinent Medical History (allergies):   Pyridium (hives)

        Was on Premarin 1.25 BID.          Gender dysphoria
                                           Asthma/Becleme
                                              c Albutin
Substance Abuse History:                   PVD - Imtine

        Denies

Pertinent Personal/Family History (inmate's sentence):

4 yrs college          Lives in Dothan, AL
            Family Support
Jobs: Real Estate c paralegal
Institutional Adjustment (current placement): 3rd.
        Convicted Asslt. 2nd    Houstn Co    Sent. 50

| Inmate Name | AIS # |
|---|---|
| Johnson, Renaul | 166237 |

ALDOC Form 455-01

5 of 7

AR 455 – February 27, 2002

CONFIDENTIAL MEDICAL RECORDS

## ALABAMA DEPARTMENT OF CORRECTIONS
## MENTAL HEALTH SERVICES
## PSYCHIATRIC EVALUATION
### PAGE 2

**Mental Status Examination:** *Up to calculate.*
**Appearance and Behavior:**

**Mood and Affect:** *Euthymic, full range (a somewhat elaborate)*

**Speech and Language:** *Overproductive, spontaneous.*

**Thought Process:** *Logical, coherent.*

**Thought Content and Perceptions:** *Denies hallu. No evidence delusions.*

**Cognitive Assessment:** *B.S. Biology. Paralegal, real estate investments E.C.*

**Insight/Judgement:**

**Suicide/Violence Risk Assessment:**
**Past Suicidal Ideation/Attempts (dates and methods):** *Considered as teen. Ø x 10 yrs.*

**Current Suicidal Ideation and Behavior:** *Denies*

**Past Violent/Assaultive Behavior:** *"Verbally agressive"*

**Current Violent/Assaultive Ideas/Behavior:** *Denies*

**Diagnostic Impression**
**Axis I:** *Gender Identity %: Depression, Anxiety*
**Axis II:** *Mixed*
**Axis III:** *PUD, Arthritis, Asthma (HTN from Effexor)*
**Axis IV:** *Incarceration, GID.*
**Axis V:** *75/75*

**Treatment Recommendations (including medications/labs ordered/special housing)**
*Continue SMI; Continue Prozac & Wellbutrin.*
*Consider groups.*
*MHP/Psychologist for individual work.*
*Stress & anger mgmt group.*

**Psychiatric Follow-Up Required Within:** *30* **Days**

*D. Earnshaw MD*
_____
**Psychiatrist Signature**                                    *12-3-04*
                                                            **Date**

| **Inmate Name** | **AIS #** |
| --- | --- |
| *Johnson Renard* | *166237* |

ALDOC Form 449-05 (Page 2 of 2)



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

CONFIDENTIAL MEDICAL RECORDS

## PHYSICIANS' ORDERS

---

NAME: JOHNSON, RENAUL
FCC        166237
D.O.B. 4, 14, 68
ALLERGIES: Pyridium
Use Last    Date 11 23 04

DIAGNOSIS (If Chg'd)
15) Profile for contacts
1) MAXIDE 25/50 mg 1/2 tab po
qd X 365 days
12) ZANTAC 150 mg ī po bid X 365 days
13) QVAIR 40 mg ## puffs qd X 365 days Kof
14) Albuterol 17 gm TI puffs q4° X 365 days Kof
☐ GENERIC SUBSTITUTION IS NOT PERMITTED    Jordan CRNP

---

NAME: JOHNSON, RENAUL
FCC        166237
D.O.B. 4, 14, 68
ALLERGIES: Pyridium
Use Fourth    Date 11, 23 04

DIAGNOSIS (If Chg'd)
1) PEN VK 500 mg ī po bid X
10 days start from stock)
2) FBS X3, beginning 11/24/04
3) MOTRIN 600 mg ī po bid X
30 days
☐ GENERIC SUBSTITUTION IS NOT PERMITTED    Jordan CRNP

---

NAME: JOHNSON, RENAUL
FCC        166237
D.O.B. 4, 14, 68
ALLERGIES: Pyridium
Use Third    Date 11, 23 04

DIAGNOSIS (If Chg'd)
5) REFER TO chronic care
clinics) HTN & PULMONARY
6) MENTAL HEALTH REVIEW FOR
RX contribution
7) RELEASE OF RECORDS TO JAIL
☐ GENERIC SUBSTITUTION IS NOT PERMITTED    Jordan CRNP

---

NAME: JOHNSON, RENAUL
FCC
D.O.B.  /  /
ALLERGIES: Pyridium
Use Second    Date 11 23, 04

DIAGNOSIS (If Chg'd)
1) ACETOSOL OTIC
2) ALASOL gtts
3) UA CARE c&s - obtained qd
4) SEND FOR chart volumes 1, 2 ø
RE SLEEP disorder
☐ GENERIC SUBSTITUTION IS NOT PERMITTED    Jordan CRNP

---

NAME: JOHNSON, Renaul
      166237
D.O.B. 4 14 68
ALLERGIES: Pyridium
11-12-04
1030 am
noted issue
Use First    Date 11/12/04

DIAGNOSIS
Schedule eye exam 20/200 OS c H/M/S
Profile to avoid smoke d/t asthma
☐ GENERIC SUBSTITUTION IS NOT PERMITTED    JB, M

---

MEDICAL RECORDS COPY

60110 (4/03)

CONFIDENTIAL MEDICAL RECORDS

Mental Health P&P # 55
Page 3 of 4

## ALABAMA DEPARTMENT OF CORRECTIONS
## MENTAL HEALTH SERVICES
## REFERRAL TO MENTAL HEALTH

Inmate Name: _Johnson, Renaul_  AIS# _166237 B_  Date of Referral: _10-21-04_

**REASON FOR REFERRAL:**
☐   **CRISIS INTERVENTION**
    ☐   Family problem:_____
    ☐   Problems with other inmates:_____
    ☐   Recent stress:_____
    ☐   Other:_____

☐   **EVALUATION OF MENTAL STATUS**

| | | |
|---|---|---|
| ☐ Suicidal | ☐ Anxious | ☐ Physical complaints |
| ☐ Homicidal | ☐ Depressed | ☐ Sleep disturbance |
| ☐ Mutilative | ☐ Withdrawn | ☐ Hallucinations/delusions |
| ☐ Hostile, angry | ☐ Poor hygiene | ☐ Suspicious |
| ☐ Other inappropriate behavior:_____ | | |

☒   **EVALUATION OF NEED FOR PSYCHIATRIC EVALUATION**

☐   HISTORY OF PSYCHOTROPIC MEDICATION PRIOR TO RECEPTION/TRANSFER

☐   **OTHER:**_____

COMMENTS: _Inmate reports being on MH meds for depression._

Referred by: _L Henderson LPN_   Phone Contact #: _684_
☐ Referral for psychiatrist (referral has been screened by mental health or medical staff)

**MENTAL HEALTH FOLLOW-UP: EVALUATION/TREATMENT/DISPOSITION**

received

MHM Correctional Services
Dr. Joseph McGinn

Follow-Up by: _____   Date: _10/25/04_

Inmate Name: _Johnson, Renaul_   AIS # _166237 B_

# ALABAMA DEPARTMENT OF CORRECTIONS
## MENTAL HEALTH SERVICES
### RECEPTION MENTAL HEALTH SCREENING

Institution: _____ KILBY _____ Date/Time Inmate Received: _10-21-04_

Date/Time of Screening: _10-21-04_ Signature /Title of Screener: _____

*MENTAL HEALTH TREATMENT PRIOR TO ENTERING THE ADOC:* _been on it_

- ☑ Yes ☐ No Psychotropic Medication: _Prozac 20mg/yr_
- ☑ Yes ☐ No Medication turned over to a DOC upon arrival?
- ☐ Yes ☑ No Mental Health follow – up in last 90 days: _____
- ☐ Yes ☑ No Suicide/self harm attempts in last 90 days: _____

*MENTAL HEALTH HISTORY Does inmate report a history of the following (if yes, provide details):* _Depression_

- ☑ Yes ☐ No Outpatient treatment: _Various Psychiatric care - Oct 03_
- ☑ Yes ☐ No Inpatient treatment: _____
- ☑ Yes ☐ No Psychotropic Medication: _Effexor/month_
- ☐ Yes ☑ No Suicidal Attempts: _____
- ☑ Yes ☐ No Suicidal Thoughts: _15yrs ago didn't have plan_
- ☐ Yes ☑ No Head injury: _____
- ☐ Yes ☑ No Seizures: _____
- ☑ Yes ☐ No Violent Behavior: _____
- ☑ Yes ☐ No Substance Abuse: _____
- ☐ Yes ☑ No Substance Abuse Treatment: _____
- ☐ Yes ☑ No Special Education classes: _4 yrs college_

*INMATE SELF – REPORT OF CURRENT STATUS* _3rd "Devasted"_

- ☐ Yes ☑ No First incarceration (reaction): _____
- ☑ Yes ☐ No Reports family support: _Entire family & Community_
- ☑ Yes ☐ No Reports serious depression/remorse: _____
- ☑ Yes ☐ No Thinking about suicide: _Denies being suicidal @ this time_
- ☐ Yes ☑ No Has plan for suicide: _____
- ☐ Yes ☑ No Possible to implement plan: _____
- ☐ Yes ☑ No Reports hallucinations: _____

*BEHAVIORAL OBSERVATIONS*

- ☐ Poor eye contact
- ☐ Poor hygiene
- ☐ Unable to pay attention
- ☐ Unresponsive
- ☐ Disorientated
- ☐ Overly anxious
- ☐ Unable to follow directions
- ☐ Unable to read
- ☐ Crying
- ☐ Memory deficits
- ☐ Signs of self-mutilation
- ☐ Afraid
- ☐ Illogical speech content
- ☐ Appears to be hearing voices of seeing things
- ☐ Paranoid
- ☐ Hostile
- ☐ Other unusual behavior: _____

*DISPOSITION PLACEMENT RECOMMENDATION (Based on reception mental health screening)*

- ☐ Routine housing and mental health follow-up
- ☐ Emergency mental health referral
- ☐ Priority mental health follow-up but not emergency
- ☐ Safe cell recommended
- ☐ Current Psychotropic meds verified/interim supply ordered
- ☐ Parole violator interim assessment referral

Inmate Name: _Johnson, Renaul_ AIS#: _166237B_

CONFIDENTIAL MEDICAL RECORDS

# ALABAMA DEPARTMENT OF CORRECTIONS
## MENTAL HEALTH SERVICES
### REFERRAL TO MENTAL HEALTH

Inmate Name: Johnson, Renay    AIS# 166232    Date of Referral: 10/22/04

**REASON FOR REFERRAL:**
- ☐ CRISIS INTERVENTION
  - ☐ Family problem:
  - ☐ Problems with other inmates:
  - ☐ Recent stress:
  - ☐ Other:

"CONFIDENTIAL MEDICAL RECORDS"

- ☐ EVALUATION OF MENTAL STATUS
  - ☐ Suicidal
  - ☐ Homicidal
  - ☐ Mutilative
  - ☐ Hostile, angry
  - ☐ Other inappropriate behavior:
  - ☐ Anxious
  - ☐ Depressed
  - ☐ Withdrawn
  - ☐ Poor hygiene
  - ☐ Physical complaints
  - ☐ Sleep disturbance
  - ☐ Hallucinations/delusions
  - ☐ Suspicious

- ☒ EVALUATION OF NEED FOR PSYCHIATRIC EVALUATION
- ☐ HISTORY OF PSYCHOTROPIC MEDICATION PRIOR TO RECEPTION/TRANSFER
- ☐ OTHER:

**COMMENTS:**

Referred by: J Rishtmyer NP    Phone Contact #: 1691
☐ Referral for psychiatrist (referral has been screened by mental health or medical staff)

### MENTAL HEALTH FOLLOW-UP: EVALUATION/TREATMENT/DISPOSITION

See Psyolevel corners

## MHM Correctional Services
Follow-Up by: Dr. Joseph McGinn    Date: 00/25/04

Inmate Name: Johnson, Renay    AIS # 166232