IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RE'NAUL M. JOHNSON,  :

    Plaintiff,  :

vs.  :  CIVIL ACTION 07-0278-KD-M

RICHARD ALLEN, et al.,  :

    Defendants.  :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate who is proceeding *pro se*, filed an action under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is the undersigned's recommendation that Plaintiff's action be transferred to the United States District Court for the Middle District of Alabama.

Plaintiff named several Defendants who have Montgomery, Alabama, addresses, namely, Commissioner Richard Allen, Dr. Ron Cavanaugh, Dr. George Lyrene, Prison Health Services, Dr. Sylvia McQueen, Dr. Robert Hunter, and Mental Healthcare Management. Montgomery is located in Montgomery County in the Middle District of Alabama. For the other Defendants, Dr. Robert Barnes and Warden Jerry Ferrell, Plaintiff gave Atmore, Alabama, addresses. Atmore is located in Escambia County in the Southern District of Alabama.

Plaintiff's action contains claims arising in the Middle and Southern Districts. Plaintiff, who is incarcerated at Fountain Correctional Center in the Southern District, is alleged to have been diagnosed as a gender dysphoria-transsexual type. Prior to his incarceration, he was a pre-operative male-to-female and was treated for seven years with Premarin, anti-depressants, and cognitive therapy. When Plaintiff arrived at the Alabama Department of Corrections ("ADOC") on October 21, 2004, Defendant Mental Healthcare Management's ("MHM") Dr. Donna Earnshaw concurred in this diagnosis of Plaintiff and recommended that Plaintiff's hormone therapy be reinstated for a prolonged period for his mental health. Defendant Dr. Barnes supposedly failed to follow this order, but later, on May 26, 2006, he wrote a standing order for Plaintiff to receive such treatment. This was done after MHM's chief psychiatrist, Defendant Dr. Hunter, had reviewed Plaintiff's records and wrote to ADOC's Medical Director, Defendant Dr. Cavanaugh, that lack of hormonal treatment had caused Plaintiff to suffer from anxiety and depression. Then, on July 26, 2006, Defendant Dr. Lyrene, Director of Inmate Treatment and Assistant Medical Director for ADOC, overrode the decision to reinstate Plaintiff's hormonal treatment. Plaintiff also maintains that as of that date Defendants Drs. Barnes, Hunter, and McQueen deprived him from receiving constitutionally acceptable adequate medical care.

In addition, Defendant Dr. Barnes has written orders for

Plaintiff to receive a C-Pap Machine for his sleep apnea. Defendant Prison Health Care and ADOC have failed to provide Plaintiff with this machine for his condition that was diagnosed prior to his incarceration. Furthermore, Defendant Ferrell, as Warden, has failed to use his authority to see that the regulations were obeyed and that Plaintiff received the prescribed medical treatment.

> A § 1983 action may be brought in
>
>> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); *see New Alliance Party of Ala. v. Hand*, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action).

In the present action, the events giving rise to Plaintiff's action appear to have occurred in both the Middle and Southern Districts of Alabama. But the chief decisions to withhold treatment for both Plaintiff's conditions, particularly at the present time, have occurred in the Middle District. And Defendants who are allegedly responsible for these overriding decisions are located in the Middle District. Accordingly, it is recommended, in the interest of justice, and for the convenience of the parties, in that most of Defendants are located in the

Middle District where policy and contractual matters are decided for ADOC systemwide, that this action be transferred to the United States District Court for the Middle District of Alabama. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *Roofing & Sheet Metal Services v. LaQuinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982) (The transfer decision is left to "sound discretion of the district court and [is] reviewable only for an abuse of that discretion.").

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the

objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 2nd day of August, 2007.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE