IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA (MOBILE)
SOUTHERN DIVISION

ARIEL A. ADLA
(RE'NAUL M. JOHNSON),
    Plaintiff,

VS.      CIVIL ACTION NO.: 07-0278-KD-M

RICHARD ALLEN, et al.,
    Defendant(s).

## PLAINTIFF'S WRITTEN OBJECTION(S) TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

**COMES NOW**, Ariel A. Adla (Re'Naul M. Johnson), the Plaintiff, pro se, pursuant to the Written Report And Recommendations of this Magistrate Judge, dated August 2, 2007, does hereby files the following written objections.

In the written Report And Recommendation of the Magistrate Judge, thereby dated August 2, 2007, stated, as follow(s):

It is the undersigned's recommendation that the Plaintiff's action be transferred to the United States District Court for the Middle District Of Alabama (Montgomery).

1. The Plaintiff object(s), pursuant to 28 United States Constitution (U.S.C.) §1391(b)(2), in which states,

> **"A judicial district in which a substantial part of the event(s) or omission(s) giving rise to the claim occurred or a substantial part of property that is subject of the action is situated."**

From December 4, 2004, through, the date of filing this Civil Right(s) Complaint, pursuant to Title 42 United States Constitution (U.S.C.) §1983, an approximate two and a half (2½) year period of time, the Plaintiff has been incarcerated within the physical confinements of the Alabama Department Of Corrections,

at G.K. Fountain Correctional Center, Atmore, Alabama, therefore, as a subsequent result of all the event(s) or omission(s) giving rise to the Plaintiff's action, as complained of within this instance of filing this 42 United States Constitution (U.S.C.) §1983 Civil Right(s) Complaint have in deed occurred only within the jurisdiction of the Southern District Of Alabama (Mobile).

The Defendant(s), as listed and named within this said instant cause of action, in which are responsible, for the initiation of this Civil Right(s) Complaint, as filed, pursuant to Title 42 United States Constitution (U.S.C.) §1983 were located within both the Middle and Southern District(s) Of Alabama. However, the actual deprivation received, by the Plaintiff, as a subsequent result of the action(s), event(s) or omission(s) of such Defendant(s), as listed and named within this instant said cause of action, the Plaintiff, in which is the gist of initiating this civil right(s) complaint occurred only while the Plainitff was incarcerated within the physical confinements of the Alabama Department Of Corrections, at G.K. Fountain Correctional Center, Atmore, Alabama, in which is located within the jurisdiction of the Southern District Of Alabama (Mobile). The Defendant(s), as listed and named, as a party within this instant said cause of action are located within both the Middle and Southern District's of the State Of Alabama, but their action(s) were carried out, effectuated and consumated only in the jurisdiction of the Southern District Of Alabama (Mobile), namely, particularly and specifically, at G.K. Fountain Correctional Center, Atmore, Alabama.

2. With the filing of this Civil Right(s) Complaint, as filed, in April, 2007, pursuant to Title 42 United States Constitution (U.S.C.) §1983, the Plaintiff, pursuant to the Federal Rules Of Court-Federal Rules Of Civil Procedure (Fed. R. Civ. P.), Rule 65, seeking emergency intervention and immediate relief of the United States District Court, Southern District Of Alabama (Mobile), Southern Division, by filing, an Application Fo A Temporary Restraining Order And/Or In The Alternative A Motion For Preliminary Injunction. This application, as filed was not forwarded, by the Honorable Bert W. Milling, Jr., the United States District Court Magistrate Judge, United States District Court, Southern District Of Alabama (Mobile) to the assigned United States District Court Judge, the Honoreable Kristi DuBose, for an adjudication of this application to be made, pursuant to the governing authority of Title 28 United States Constitution (U.S.C.) §636(b)(1)(A), in which such governing authority, thereby excludes all magistrate judge(s), from hearing, determining or otherwise adjudicating any application and/or motion, as may be filed, thereof, seeking any and/or all injunctive relief.

Pursuant to Title 28 United States Constitution (U.S.C.) §636(b)(1)(B), the Honorable Bert W. Milling, Jr., pursuant to the Federal Rules Of Court-Federal Rules Of Civil Procedure (Fed. R. Civ. P.), Rule 65, thereby abused his discretion when not forwarding to be adjudicated on the merits, the Plaintiff's, Application For A Temporary Restraining Order And/Or In The Alternative Application For Preliminary Injunction, as filed, in April, 2007 with the civil right(s) complaint, filed, pursuant to Title 42 United States Constitution (U.S.C.) §1983.

3

This civil right(s) complaint, being filed, in April, 2007, with an attached application, seeking emergency intervention and immediate relief, by and from the United States District Court, Southern District Of Alabama (Mobile), Southern Division, thereby recommending for this civil right(s) complaint, as filed, in April, 2007, pursuant to Title 42 United States Constitution (U.S.C.) §1983 to be transferred, from the jurisdiction of this Most Honorable Court to the jurisdiction of the Middle District Of Alabama (Montgomery) without entertaining such application, as filed within the lawful jurisdiction of this Court, thereby seeking emergency intervention and immediate relief, as filed, pursuant to the Federal Rules Of Court-Federal Rules Od Civil Procedure (Fed. R. Civ. P.), Rule 65, makes an affirmative showing upon the face of the record that the Southern District Of Alabama (Mobile) has held without entertaining, this application of immediate disposition, by not forwarding such application to the proper governing dispositive judicial authority, the Honorable Kristi DuBose, United States District Court Judge, but instead such application, as filed with this civil right(s) complaint was and is currently bein imporperly held before a non-dispositive authority, in which has directed interferred with the Plaintiff's substantial constitutional right(s), to be afforded with a meaningful opportunity to petition the courts for redress of grievance(s), as guaranteed and secured under the governing provision(s) of the First (1st) Amendment of the United States Constitution, along with violating the Plaintiff's constitutional right(s) to recieve Due Process Of Law, as guaranteed and secured under the governing provision(s) of the Fourteenth (14th) Amendment of the United States Constitution. Transferring this instant

4

said cause of action, from this Honorable Court, the United States District Court, Southern District Of Alabama (Mobile), Southern Division to the Middle District Of Alabama (Montgomery) without this Honorable Court first making an adjudication and/or determination, pursuant to the Federal Rules Of Court-Federal Rules Of Civil Procedure (Fed. R. Civ. P.), Rule 65, regarding, the Plaintiff's Application For A Temporary Restraining Order And/Or In The Alternative Application For A Preliminary Injunction, as filed within the lawful jurisdiction of this Court, in April, 2007 with the Plaintiff's, Civil Rights Complaint, pursuant to the governing provision(s) of Title 42 United States Constitution (U.S.C.) §1983 will further abuse its discretion and further prejudice the substantial right(s) of the Plaintiff, as this Honorable Court has already done, by its failure to forward the Plaintiff's, application seeking emergency intervention and injunctive relief to the appropriate judicial authority to be adjudicated and disposed of as a matter of law.

**WHEREFORE, ALL PREMISES BEING HEREBY CONSIDERED,** the Plaintiff, prays that this Honorable Court will grant these written objection(s) of the Plaintiff, along with any and all other equitable relief, in which this Court deems appropriate, necessary and proper, theretofore.

DONE ON THIS 8TH DAY AUGUST, 2007.

Respectfully Submitted,

(Ariel A. Adla)
Re'Naul M. Johnson, #166237,

said cause of action, from this Honorable Court, the United States District Court, Southern District Of Alabama (Mobile), Southern Division to the Middle District Of Alabama (Montgomery) without this Honorable Court first making an adjudication and/or determination, pursuant to the Federal Rules Of Court-Federal Rules Of Civil Procedure (Fed. R. Civ. P.), Rule 65, regarding, the Plaintiff's, Application For A Temporary Restraining Order And/Or In The Alternative Application For A Preliminary Injunction, as filed within the lawful jurisdiction of this Court, in April, 2007 with the Plaintiff's, Civil Right(s) Complaint, pursuant to the governing provision(s) of Title 42 United States Constitution (U.S.C.) §1983 will further abuse its discretion and further prejudice the substantial right(s) of the Plaintiff, as this Honorable Court has already done, by its inadvertent failure to forward the Plaintiff's, application seeking emergency intervention and injunctive relief to the appropriate judicial authority to be adjudicated and disposed of as a matter of law..

**WHEREFORE, ALL PREMISES BEING HEREBY CONSIDERED,** the Plaintiff, prays that this Honorable Court will grant these written objection(s) of the Plaintiff, along with any and all other equitable relief, in which this Court deems appropriate, necessary and proper, theretofore.

**DONE ON THIS 9th DAY OF AUGUST, 2007.**

Respectfully Submitted,

*Ariel A. Adla*
*Re'Naul M. Johnson*
Ariel A. Adla
(Re'Naul M. Johnson, #166237)

5

Ariel A. Adla #166237,
Re'Naul M. Johnson,
Staton Correctional Center
Post Office Box 56
Elmore, Alabama 36025-0056

**CONFIDENTIAL, PERSONAL AND PRIVATE**

United States District Court
Southern District
Southern Division
ATTN: Honorable Charles R. Diard
113 St. Joseph Street
Mobile, Alabama 36602

MONTGOMERY AL 361
13 AUG 2007 PM 1 L

LEGAL