IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RE'NAUL M. JOHNSON | ) |
| a.k.a., ARIEL A. ADLA, #166237, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07-CV-767-WKW |
| | ) |
| ALA. DEPT. OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On April 18, 2007, Re'Naul M. Johnson ["Johnson"], a state inmate and frequent

litigant in the federal courts of this state, filed this 42 U.S.C. § 1983 complaint in the

United States District Court for the Southern District of Alabama.  Although all of the

actions about which Johnson complains occurred in the Southern District of Alabama and

the vast majority of defendants reside in such district, that court deemed it appropriate to

transfer the case to this court for review and disposition.[1]  Upon initiation of this cause of

action, Johnson submitted motions for leave to proceed *in forma pauperis* pursuant to the

provisions of 28 U.S.C. § 1915(a).  On June 6, 2007, the  United States District Court for

the Southern District of Alabama entered an order granting these motions.  This court,

however, determined that the Southern District's decision to grant the plaintiff's *in forma*

---

[1]In support of its decision to transfer this case, the United States District Court for the Southern District of Alabama improperly stated that defendants Prison Health Services, Inc. and Mental Healthcare Management, Inc. are located in Montgomery, Alabama.  However, the corporate offices of Prison Health Services, Inc. are located in Brentwood, Tennessee and this court can find no address listed for Mental Healthcare Management Services, Inc. in Montgomery, Alabama.

*pauperis* motions was inappropriate "as the court failed to apply the provisions of 28 U.S.C. § 1915(g) in making this determination" and therefore vacated the Southern District's order allowing Johnson leave to proceed *in forma pauperis* in this cause of action. *Order of September 4, 2007 - Court Doc. No. 21.*

Under the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]   The records of this court establish that Johnson, while incarcerated or detained, has on at least four occasions had 42 U.S.C. § 1983 cases dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit under the provisions of 28 U.S.C. § 1915. The cases on which this court relies in finding a violation of § 1915(g) are:  (1) *Johnson v. Glover*, Civil Action No. 1:04-CV-171-MEF (M.D. Ala. 2004), (2) *Johnson v. Bowers, et al.*, Civil Action No. 1:04-CV-111-MHT (M.D. Ala. 2004), (3) *Johnson  v. Ellison, et al.*, Civil Action No. 2:98-CV-1360-ID (M. D. Ala. 1999), and (4) *Johnson v. Young, et al.*,

---

[2]In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

Civil Action No. 2:97-CV-1211-MHT (M. D. Ala. 1998).

In the instant civil action, Johnson complains that from October 24, 2004, upon his placement in the custody of Alabama Department of Corrections, until the date of filing this case correctional officials and prison medical/mental health providers have violated his constitutional rights by failing to render appropriate treatment for his Gender Dysphoria-Transsexual Type. *Plaintiff's Complaint - Court Doc. No. 1* at 18-23. Specifically, Johnson contends the defendants have denied him prolonged hormonal therapy and failed to provide proper mental health treatment to him for his gender dysphoria. *Id*. He also complains that medical personnel refuse to furnish him a C-Pap machine "to assist the Plaintiff with breathing difficulties during sleep" resulting from his sleep apnea. *Id*. at 24.

At the time Johnson filed this complaint, he acknowledges suffering from the complained of conditions and alleged lack of treatment for such conditions since October of 2004. Johnson maintains that "as a subsequent result [he] has suffered dizziness, excessive weight gain, complete body fat redistribution, fainting spells, headaches, hot-flashes, anxiety, severe depression, ... the growth of first time facial hair, in which has caused facial scarring and shaving rashes ... [due to plaintiff] having to shave such hair" as required by correctional rules and regulations. *Plaintiff's Complaint - Court Doc. No. 1* at 21. The factual allegations contained in the complaint fail to demonstrate that Johnson was "under imminent danger of serious physical injury" at the time he filed the instant complaint as is required to meet such exception to application of 28 U.S.C. § 1915(g).

*Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999). Based on the foregoing, the court concludes that Johnson's motions for leave to proceed *in forma pauperis* are due to be denied and this case dismissed without prejudice as Johnson failed to pay the requisite $350 filing fee upon the initiation of this cause of action.[3] *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)(emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motions for leave to proceed *in forma pauperis* filed by the plaintiff (Court Doc. No. 2 and Court Doc. No. 4) be and are hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

---

[3]Johnson is well aware of the requirement that he submit payment of the filing fee upon initiation of a 42 U.S.C. § 1983 action as this the seventh such case filed by Johnson in which this court has relied on the provisions of 28 U.S.C. § 1915(g) to deny his request for leave to proceed *in forma pauperis*. *See Johnson v. Houston County Jail, et al.*, Civil Action No. 1:04-CV-110-MHT (M.D. Ala. 2004); *Johnson v. Spiegner, et al*., Civil Action No. 1:04-CV-164-MEF (M.D. Ala. 2004); *Johnson v. Glover, et al.*, Civil Action No. 1:04-CV-181-WHA (M.D. Ala. 2004); *Johnson v. City of Dothan, Alabama, et al*.,Civil Action No. 1:04-CV-258-MEF (M.D. Ala. 2004); *Johnson v. State of Alabama*, Civil Action No. 1:04-CV-269-WHA (M.D. Ala. 2004); and *Johnson v. Houston County Commissioners, et al*., Civil Action No. 1:05-CV-899-MEF (M.D. Ala. 2005).

ORDERED that on or before September 17, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of September, 2007.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE