IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA (MONTGOMERY)
NORTHERN DIVISION

ARIEL A. ADLA
(a/k/a RE'NAUL M. JOHNSON),
    Plaintiff,

VS.        CIVIL ACTION NO.: 2:07-cv-0767-WKW

RICHARD ALLEN, et al.,
    Defendant(s).

## PLAINTIFF'S WRITTEN OBJECTION(S) TO THE RECOMMENDATION OF THE UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

**COMES NOW**, Ariel A. Adla (a/k/a Re'Naul M. Johnson), the Plaintiff, pro se, pursuant to the written order of this Most Honorable Court, dated September 7, 2007, and its subsequent written order, date September 17, 2007, thereby granting the Plaintiff until September 28, 2007, in which to file written objection(s) to the written recommendation of the United States District Court Magistrate Judge, and the Plaintiff does hereby object to such, for ground(s), as follow(s):

I.

This Court Asserts, In Filing This Instant Said Cause Of Action, The Plaintiff, Pursuant To Title 28 United States Constitution (U.S.C.S.) §1915(g) Failed To Allege The Imminent Danger Of Recieving "SERIOUS PHYSICAL INJURY" Has Thereby Procedurally Barred This Instant Said Cause Of Action From Being Filed In Forma Pauperis, Due To The Plaintiff Having Three (3) Or More Dismissals, Pursuant To The Three (3) Strike Rule, Under The Governing Provision(s) Of The "PRISON LITIGATION REFORM ACT"

    1. The Plaintiff, hereby objects, by stating within the filing of this instant said cause of action that [s]he is in imminent danger of **"serious physical injury"** as a subsequent result of the Defendant(s), as listed and named within this instant said cause of action deliberate denial of providing the Plaintiff with an adequate and constitutional standard medical care, therapy

and/or treatment, as recieved, by the Plaintiff, prior to the Plaintiff's current incarceration within the Alabama Department Of Correcitons, for the Plaintiff's medical, psychiatric and psychological diagnosis of Gender Dysphoria, Transsexual Type, in which such medical diagnosis under the formulation of **Estelle v. Gamble**, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), thereby constitutes a serious medical need, and therefore, the Plaintiff's action, as complained within this instant said cause of action is an exception to the governing provision(s) of the Three (3) Strike Rule, pursuant to Title 28 U.S.C.S §1915(g).

2. The Plaintiff, further objects, by stating that this instant said cause of action , as filed, is thereby due to the listed and named Defendant(s) deliberate denial and failure in providing the Plaintiff with an adequate and constitutional acceptable standard medical care, therapy and/or treatment, as recieved, by the Plaintiff, prior to the Plaintiff's current incarceration within the Alabama Department Of Corrections, for the Plaintiff's medical, psychiatric and psychological diagnosis of Gender Dysphoria Transsexual Type, in which such medical diagnosis, under the formulation of **Estelle v. Gamble**, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), thereby constitutes a serious medical need, and therefore, any subsequent physical injury, recieved thereof, is a "**serious physical injury**". (See **The Plaintiff's Application For A Temporary Restraining Order And/Or In The Alternative An Application For A Preliminary Injunction,** pursuant to Rule 65, **Federal Rules Of Civil Procedure (Fed. R. Civ. P.)**)

Thus, the Plaintiff, as a matter of law has met the burden of proof to meet the exception to the Three (3) Strike Rule, which requires that a Plaintiff who is prisoner, filing a civil cause of action, after having three (3) or more previous dismissals, against them, pursuant to Title 28 U.S.C.S. §1915(g), must plead and/or make a showing of being in imminent danger at the time of filing in order to be allowed to proceed in forma pauperis, pursuant to the **Prison Litigation Reform Act,** and therefore, the Plaintiff, thereby indigent and further within this current filing, particularly and specifically within the written contents of these written objections, thereby states a cause, in which, the Plaintiff is in danger of serious physical injury, and thus should be allowed to proceed in forma pauperis regarding this said instant cause of action inspite of the three (3) previous dismissals that called Title 28 U.S.C.S. §1915(g) into play, thereby procedurally barring, the Plaintiff from proceeding in forma pauperis regarding this instant said cause of action. "When, the threat or prison condition is real and proximate, and when potential consequence is serious physical injury, then the courthouse doors are open even to those who have filed three (3) frivolous suits and do not have a penny to their names." **Lewis v. Sullivan**, (2002, CA7 Wis) 279 F.3d 526.

Within the contents of this written objection, the Plaintiff pleads that the unconstitutional condistion(s) of current prison confinement, is thereby being denied without a rational related and legitimate penelogical purpose, an adequate and constitutional standard of medical care, therapy and/or treatment, as recieved,

by the Plaintiff, prior to the Plaintiff's current incarceration, for a medical diagnosis of the Plaintiff, namely, Gender Dysphoria-Transsexual Type, in which is constitutionally recognized to constitute a serious medical need, and therefore, this deprivation of the listed and named Defendant(s), as complained of within the written content(s) of this action, as filed, has and is currently causing the Plaintiff, physical bodily injury so serious that it has caused a degradation of the quality of human life, in which has been subsequently proven to lead to the possibility of death. Within this instant said cause of action, the Plaintiff is complaining of physical injury so serious, in which such physical injury is so serious that it compromises and puts the Plaintiff's bodily integrity at stake and such is thus intolerable, for the fundamental right(s) of the Plaintiff are implicated. **Lewis v. Sullivan**, 279 F.3d 526, 531 (7th Cir. 2002). "If all else fails, a prisoner may sue without prepayment when "the prisoner is under imminent danger of serious physical injury.: And this is just the category of cases where fundamental right(s) are most likely to be at stake." **Lewis v. Sullivan**, 279 F.3d 526, 530 (7th Cir. 2002). It is not hard to imagine situations where a fundamental right would be at stake. A prisoner, who complained that the staff was gratuitously withholding medical care would have a claim based on the fundamental right protected, by the Eighth (8th) Amendment of the United States Constitution. See **Estelle v. Gamble**, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Such medical diagnosis, as the Plaintiff, through the courts of the United States have been constitutionally recognized to constitute a serious medical need and the Plaintiff complaining that the Defendant(s), as listed and named is **gratuitously** withholding such adequate and constitutional standard medical care, therapy and/or treatment, as recieved, by the Plaintiff, prior to the Plaintiff's current incarceration, thereby presents a claim based on a fundamental and constitutional right of the Plaintiff, in which is protected, by the Eighth (8th) Amendment of the United States Constitution. **Estelle v. Gamble**, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

The Eighth (8th) Amendment of the United States Constitution prohibits punishment that is physically barbous or involves unnecessary and wanton infliction of pain. **Rhodes v. Chapman**, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). The constitutional proscription against cruel and unusual punishment applies only after a criminal conviction. **Gilmore v. City Of Atlanta**, 737 F.2d 894 (11th Cir. 1984). Drafters of the Eighth (8th) Amendment of the United States Constitution were primarily concerned with preventing tortures and other barbarous methods of punishment, yet the Eighth (8th) Amendment of the United States Constitution has been used to halt punishment beyond the eighteenth century tortures. **Gregg v. Georgis**, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). The Eighth (8th) Amendment of the United States Constitution has continually been interpreted in a flexible and dynamic manner, drawing its meaning from the evolving standards of decency which mark the progress of a maturing society.

Id.; **Estelle v. Gamble**, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Thus no static test can exist by which courts can routinely determine whether condition(s) of confinement are cruel and unusual. **Rhodes v. Chapman**, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Of course, there need be no conscious purpose or intent to inflict suffering for defendants' conduct to violate the Eighth (8th) Amendment of the United States Constitution. US. ex rel. **Schuster v. Vincent**, 524 F.3d 153 (2nd Cir. 1975). The role of the federal court is to enforce the Eighth (8th) Amendment of the United States Constitution protection without assuming the role of jail and/or prison administration; this policy of minimal intrusion is of especial interest when a state prison system is involved. **Wilkerson v. Maggio**, 703 F.2d 909 (5th Cir. 1983).

Deliberate indifference, by prison officials to a prisoner's **serious medical need** constitutes cruel and unusual punishment, in violation of the Eighth (8th) Amendment of the United States Constitution. **Estelle v. Gamble**, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The denial of such medical care, therapy and/or treatment--whether intentional or through deliberate indifference--in the worst case can result in physical torture, and even in less serious cases can result in pain without a penological purpose. Id. at 103, 97 S.Ct. at 290. Denial of medical care, therapy and/or treatment that results in unnecessary suffering in prison is inconsistent with contemporary standards of human decency and gives rise to a cause of aciton, pursuant to Title 42 United States Constitution (U.S.C.S.) §1983.

Id.; **White v. Farrier**, 849 F.2d 322 (8th Cir. 1988). More specifically, Transsexualism is not voluntarily assumed and is not merely a matter of sexual preference. **Sommers v. Budget Marketing, Inc.**, 667 F.2d 748 (8th Cir. 1982). The Seventh (7th) and Eighth (8th) Circuit Courts Of Appeals, for the United States Of America have concluded that Transsexualism is a serious medial and psychological problem, which constitutes a serious medical need. **White**, 849 F.2d at 325; **Meriwether**, 821 F.2d at 413.

Furthermore, read broadly, the case law supports the proposition that GIDAANT--as a form of Gender Dysphoria--may present a serious medical need under the Estelle formulation. The Meriwether court, for example, reasoned that in general, a psychiatric and/or psychological condition may presnet a serious medical need. See 821 F.2d at 413 (citing **Partridge v. Two Unknown Police Officers Of Houston**, 791 F.2d 1182, 1187 (5th Cir. 1986); **Wellman v. Faulkner**, 715 F.2d 269, 273 (7th Cir.), cert. denied, 468 U.S. 1217, 104 S.Ct. 3587, 82 L.Ed.2d 885 (1983); **Ramos v. Lamm**, 639 F.2d 559, 574 (10th Cir.), cert. denied, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1980); **Inmates Of Allegheny County Jail v. Pierce**, 612 F.2d 754, 763 (3rd Cir. 1979); **Bowring v. Godwin**, 551 F.2d 44, 47 (4th Cir. 1977). Likewise, the cases make general and specific references to defendant(s) failing to adequately treat "Gender Dysphoria" and "Transsexualism".

The deinal of adequate and constitutional medical care, therapy and treatment stems from at least three (3) distinctly different sources--which in concert violate the Plaintiff's

constitutional right, as guaranteed and secured, under the governing provision(s) of the Eighth (8th) Amendment of the United States Constitution to be free from cruel and unusual punishment. As the Supreme Court of the United States has so graciously warned, the denial of adequate and constitutional medical care, therapy and/or treatment can result in physical torture or pain without a penolobical purpose. **Estelle v. Gamble**, 429 U.S. at 103, 97 A.Ct. at 290. The Plaintiff here within this said instant casue of action, just as the Plaintiff in **Phillips v. Michigan Department Of Corrections**, 731 F.Supp. 792 (W.D. Mich. 1990) has suffered the effect of depression, vomiting and fainting spells, extreme pain, as the tissue around the breast area has contracted and bruised, excessive wieght gain, severe depression, anxiety, and first time facial hair growth. More important, the Plaintiff has been made to experience the emotional and physical pain, as parts of the Plaintiff's body reverted to looking and feeling characteristically male when the Plaintiff experiences life as a female. The court in **Phillips**, characterizes the defendant's conduct in that case, as conduct which actually reversed the therapeutic effects of previous medical care, therapy and treatment. It also noted that it is one thing to fail to provide an inmate with care that would improve the existing physical medical state of the Plaintiff, such as refusing to provide sex reassignment surgery or to operate on a long-endured cyst. However, taking measures ehich actually reverse the effects of years of healing mecial care, therapy and/or treatment is measur-

-8-

able worse, therefore making the cruel and unusual determination that much easier. The irreparable harm element is clear. Prior to trial, the effects of the lack of estrogen will wreak havoc on the Plaintiff's physical and emotional state. Such harm is neither compensable nor speculative. **Phillips v. Michigan Department Of Corrections**, 731 F.Supp. 792 (W.D. Mich. 1990). Moreover, when an alleged deprivation of a fundamental constitutional right, as guaranteed and seured, under the governing provision(s) of the Eighth (8th) Amendment of the United States Constitution is involved, no further showing of irreparable harm is necessary. See, e.g., **Mitchell v. Cuomo**, 748 F.2d 804 (2nd Cir. 1984) (Eighth Amendment, United States Constitution).

The gist of this civil rights complaint, as filed, pursuant to Title 42 United States Constitution (U.S.C.S.) §1983, is thereby, based upon the Defendant(s), as listed and named within this instant said cause of action failure to provide the Plaintiff with an adequate and constitutional standard medical care, therapy and/or treatment, as recieved, by the Plaintiff, prior to the Plaintiff's current incarceration within the care, custody and control of the Alabama Department Of Corrections, for the Plaintiff;s medical, psychological and psychiatric diagnosis of Fender Dysphoria-Transsexual Type, in which thereby deprives the Plaintiff of the most basic civillized measures of life's necessities, and thus, violates, the fundamental right(s) of the Plaintiff to be free from cruel and unusual punishment, as guaranteed and secured, under the governing provision(s) of the Eighth (8th) Amendment of the United States Constitution.

"Prisoner was permitted to proceed without filing required fees even though the prisoner had filed three (3) earlier proceedings that had been dismissed, because the prisoner alleged that they were currently being denied medical care, therapy and treatment, and thus, the prisoner met the exception to the Three (3) Strike Rule, as required, as defined, pursuant to Title 28 United States Constitution (U.S.C.S.) §1915(g).

The Plaintiff, hereby contend(s) that the Defendant's deliberate and intentional conduct of denying, failing and refusing to provide and maintain an adequate and constitutional standard of medical care, therapy and/or treatment, for the Plaintiff's medical diagnosis of Gender Dysphoria-Transsexual Type, in which is constitutionally recognized to constitute a **serious medical need**, which has result in the Plaintiff sustaining physical injuries so serious that it has degraded the quality of life for the Plaintiff, and thus, the Defendant(s) current inaction(s) and/or omission(s), thereby currently places the Plaintiff in direct imminent danger of serious physical injury, in which such condition(s) is currently depriving the Plaintiff of the most basic fundamental constitutional right to be free from cruel and unusual punishment, as guaranteed and secured, under the governing provision(s) of the Eighth (8th) Amendment of the United States Constitution.

**WHEREFORE, ALL PREMISES BEING HEREBY CONSIDERED,** the Plaintiff, pro se, hereby prays that this Honorable Court, as a matter of law, consider this instant said cause of action as an exception to the Three (3) Strike Rule, and thus allow this instant said cause of action to proceed in forma pauperis, pursuant to Title

'28 United States Constitution (U.S.C.S.) §1915(g), along with any and all other equitable relief, in which this Most Honorable Court deems necessary, appropriate and proper, thereof.

**DONE ON THIS 18TH DAY OF SEPTEMBER, 2007.**

>Respectfully Submitted,
>
>*/s/ Ariel A. Adla*
>*/s/ Re'Naul M. Johnson*
>Ariel A. Adla
>a/k/a Re'Naul M. Johnson, #166237,
>Staton Correctional Center
>Post Office Box 56
>Elmore, Alabama  36025-0056





Ariel A. Adla
(Re'Naul M. Johnson, #166237)
**Staton Correctional Center**
Dorm F-2-28A
Post Office Box 56
Elmore, Alabama  36026-0056

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA (MONTGOMERY)
NORTHERN DIVISION
ATTN: HONORABLE DEBRA HACKETT
Post Office Box 711
Montgomery, Alabama  36101-0711

36101+0711-11 B007