IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RE'NAUL M. JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALABAMA DEPARTMENT OF )<br>CORRECTIONS, *et al.*, )<br>)<br>Defendants. ) | Case No. 2:07-cv-0767-WKW (WO) |

**<u>ORDER</u>**

On September 4, 2007, the Magistrate Judge filed a Recommendation (Doc. # 22) that the case be dismissed without prejudice for Plaintiff Re'naul M. Johnson's ("Johnson") failure to pay the full filing fee upon initiation of the case. The Magistrate Judge determined that Johnson was not allowed to bring a civil action *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) because Johnson had previously brought three or more actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted and because Johnson was not under imminent danger of physical injury. On September 21, 2007, Johnson filed an objection (Doc. # 24) claiming that he was under imminent danger of physical injury when he filed his complaint.[1] The court finds Johnson's objection is due to be overruled.

---

[1] In his objection, Johnson does not challenge the Magistrate Judge's finding that Johnson has had at least four prior civil actions dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted. Therefore, the only question before the court is whether Johnson is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Under 28 U.S.C. § 1915(g), the frequent filer provision, a prisoner is not allowed to bring a civil action or appeal a judgment *in forma pauperis*:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Johnson argues that his claim should not have been dismissed because he was under imminent danger of serious physical injury due to the defendants' discontinuation of hormone therapy to treat his condition of gender dysphoria. The symptoms resulting from the discontinuation of hormone therapy are alleged to be "excessive weight gain, complete body fat redistribution, dizzy spells, fainting spells, headaches, hot-flashes, anxiety, severe depression, more depression than usual, . . . [and] the growth of first time facial hair." (Doc. # 9; *see also* Compl. ¶ 34.)

In evaluating whether a plaintiff is under danger of serious physical injury, "the issue is whether [the complaint] as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). In *Brown*, the plaintiff alleged an imminent, serious physical injury when the prison doctor stopped prescribing him his HIV and hepatitis medicine, which caused him to experience skin and scalp infections, severe pain in the eyes, vision problems, and fatigue, and when further denial of his medication would result in him suffering opportunistic infections. *Id.* at 1350. Importantly, the Brown plaintiff also alleged "that his health would deteriorate and he would die sooner because of the

withdrawal of his treatment." *Id.* at 1347.  Here, Johnson has not shown that he faces imminent, serious physical injuries from the discontinuation of the hormone treatment such as the life-threatening injuries alleged in *Brown*.  While the alleged ailments are bound to cause Johnson discomfort, they do not rise to the level of serious physical injury to allow Johnson an exception to the frequent filer provision of 28 U.S.C. § 1915(g).

After an independent and de novo review of the record, it is the ORDER, JUDGMENT and DECREE of the Court that:

1.  Johnson's objection (Doc. # 24) is OVERRULED;

2.  The Recommendation (Doc. # 22) of the Magistrate Judge is ADOPTED;

3.  This case is DISMISSED without prejudice for failure to pay full filing fee upon initiation of this case.

An appropriate judgment will be entered.

DONE this 29th day of January, 2008.

　　　　　　　　　　　　　　　　　　　　／s／  W.  Keith Watkins
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE